

1 | Brenda B. Bidaure, Sui Juris
   c/o 4916 Westmont Street
2 | Riverside, California [92507]
3 | Mailing Address:
   P.O. Box 77191
4 | Corona, CA 92877
5 | IN PRO PER

6

7

8

**FILED**

**DEC 28 2012**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| BRENDA B. BIDAURE,<br>　　　Plaintiff/ Claimant/Debtor<br><br>vs.<br><br>WELLS FARGO BANK, N.A.;<br><br>HSBC BANK, USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS THROUGH- CERTIFICATES SERIES 2007-AR7;<br>NBS DEFAULT SERVICES, LLC AS TRUSTEE FOR WELLS FARGO BANK, N.A.; AND DOES 1- 50.<br>　　　Respondents/Defendants<br><br>Brenda B. Bidaure, Complainant / Holder-In- Due Course. | Case No.: 6:12-bk-35577-DS<br>CHAPTER 13<br>Adversary Case<br>No.:_____<br>**COMPLAINT AND INJUNCTIVE RELIEF FOR:**<br>1. VIOLATION OF AUTOMATIC STAY;<br><br>2. TO DECLARE THAT FORECLOSURE SALE OF REAL PROPERTY THAT IS A FRAUDULENT TRANSFER MAY BE AVOIDED [BFP v. Resolution Trust Corp., 511 U.S. 531, 545-546 (1994)];<br><br>3. TO DECLARE THAT DEBTOR MAY AVOID A TRANSFER [11 U.S.C. § 522];<br><br>4. TO DECLARE THAT FORECLOSURE SALE BY CREDIT BID IS PRESUMED TO BE COLLUSIVE; |

5. TO DECLARE THAT PRICE IN FACT RECEIVED AT FORECLOSURE SALE IS PRESUMED TO BE ONE HUNDRED

DOLLARS ($100) OR LESS WHEN NO TRANSFER TAX IS PAID [Cal.R&T §11911];

6. TO AVOID ACTUALLY FRAUDULENT TRANSFER OF REAL PROPERTY [11U.S.C. § 548(a)(1)(A)];

7. TO USE STRONG-ARM POWERS TO AVOID ACTUALLY FRAUDULENT TRANSFER OF REAL PROPERTY [11 U.S.C. § 544, Cal.Civ.C. § 3439.04(A)(1)];

8. TO AVOID CONSTRUCTIVELY

FRAUDULENT TRANSFER OF REAL

PROPERTY [11 U.S.C. §548(a)(1)(B)];

9. TO USE STRONG-ARM POWERS TO AVOID CONSTRUCTIVELY

FRAUDULENT TRANSFER OF REAL PROPERTY [11U.S.C. § 544, Cal.Civ.C. §§ 3439.04(A)(2), 3439.05]

10. TO RECOVER REAL PROPERTY AND QUIET TITLE THERETO [11 U.S.C. §§ 550, 551, 28 U.S.C. § 2201];

11. FOR AUTOMATIC TURNOVER OF REAL PROPERTY AND EJECTMENT [11 U.S.C. §§ 542, 1306];

| | 12. TO DECLARE THAT RECOVERED REAL PROPERTY IS NOT SUBJECT TO |
| | |
| | SECURITY INTEREST [11 U.S.C. §552]; |
| | 13. FOR INJUNCTIVE RELIEF [11 U.S.C.§ 105, 362]; |
| | 14. DAMAGES; AND 15. COSTS |
| | Demand for Jury Trial |

1.  This adversary proceeding (hereinafter "the Action") is a core proceeding as the claims for relief arise under 11 U.S.C. §§ 101-1330 (hereinafter "the Code"), including, but not limited to, 11 U.S.C. §§ 362, 101(54), 105, 522, 541, 542, 544, 548, 550, 551, 552, and 1306.

## I
## JURISDICTION

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, and *Stern v. Marshall*, 131 S.Ct. 2594 and by reference from the United States District Court, Central District of California. General Order No. 266 (1984), as amended by General Order No. 269 (1985) and General Order No. 266-A (1995)

## I I
## VENUE

Venue in this Court is proper pursuant to 28 U.S.C. §§1408, 1409 and by reference.

### III
### PARTIES

3.  Plaintiff BRENDA B. BIDAURE is the Debtor in this bankruptcy case as defined by the Code. See, e.g., 11 U.S.C. §§ 509, 1301. At all times relevant to this Action, Complainant, Brenda B. Bidaure has domiciled in Riverside County at the land property that is the subject of this Action.

4.  Defendant WELLS FARGO BANK, N.A. (hereinafter "WELLS FARGO") is a corporation claimed to be authorized and licensed to do business in California corporation at the time of the foreclosure sale. Defendant NBS Default Services, LLC is the Trustee for WELLS FARGO with principal address in, 301 E. Ocean Boulevard, Suite 1720, Long Beach, California 90802 and claimed to be authorized to do business in California. Defendant HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset- Backed Pass Through-Certificates Series 2007-AR7, (hereinafter "HSBC"), claimed to be authorized to do business in California.

5.  "ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN PROPERTY DESCRIBED IN COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO" are sued herein pursuant to <u>California Code of Civil Procedure</u> §762.020(a).

6.  The true names capacities, whether individual, corporate, associate, or otherwise defendants Does 1 through 50, inclusive are unknown to plaintiff who therefore sues Defendants by such fictitious names, and will seek leave of court to amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff informed and believes and thereon alleges that each of the Defendants herein as Does was negligently, want only and carelessly responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to plaintiff as herein alleged.

7.  Plaintiff is informed and believes and based on such information and belief avers that Defendants Wells Fargo; HSBC; NBS; and Does 1 through 50, inclusive, and each of them, are and at all material times have been, the agents, servants or

employees of each other, purporting to act within the scope of said agency, service or employment, in performing the acts and omitting to act as averred herein (hereinafter collectively referred to as "Foreclosing Defendants").

8. Each of the Defendants named herein are believed to, and alleged to have acting in concert with, as employee, agent, co-conspirator or member of joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

9. Real party in interest, Rod Danielson, is a private trustee appointed by the United States Trustee to serve as the Chapter 13 trustee in the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1302, 28 U.S.C. § 586(b). He is referenced in this Action in his official capacity only as required by 11 U.S.C. § 522(h)(2). His office is located at: 3787 University Avenue, Riverside, CA 92501.

10. Real party in interest PETER C. ANDERSON is the United States Trustee for this region and he is referenced in this Action in his official capacity only pursuant to 11 U.S.C. §§ 522, 1302, and 28 U.S.C. § 586. His offices are located at 725 S.Figueroa Street, Suite 2600, Los Angeles, CA 90017.

### IV
### FACTUAL ALLEGATIONS

11. Complainant is the real owner of the real land property that is the subject of this action located at 4916 Westmont Street Riverside, California 92507.

12. The legal description of the subject real property is:

*Lot 24 of Tract No. 32820 in the city of Riverside, County of Riverside as shown by Map on file in Book 411 pages 11 through 18, inclusive, of Maps, Records of Riverside County, California, being those portions of land within Township Two South(T2s); Range four west(R4w); Sections 29 & 32; San Bernardino Base Meridian. TRA:009-009. Instrument No. 2007-0601231. Commonly known as: 4916 Westmont Street, Riverside, California 92507.*

13. Complainant alleges that first deed of trust constituted a transfer pursuant to 11 U.S.C. § 101(54) and Cal. Civ. Code §§ 1213-1215. This transfer was subject to Section 544 and Cal. Civ. Code §§ 3439.01-.12 under the holding In re Madrid, 725

---

F.2d 1197, 1200, fn. 2 (9th Cir. 1984), as affirmed by In re Ehring, 91 B.R. 897, 900 (9th Cir. BAP 1988) and not overruled by In re Ehring, 900 F.2d 184 (9th Cir. 1990), nor BFP v. RTC, 511 U.S. 531 (1994).

14. The trustee on the subject deed of trust was " FIDELITY NATIONAL TILE INS CO."

15. On July 11, 2012, Wells Fargo Bank, N.A. c/o NBS Default Services, LLC caused a Notice of Default, August 08, 2012, a Substitution of Trustee and on October 26, 2012 a Notice of Trustee sale, scheduled to be sold at a public auction to the highest bidder for cash, on November 15, 2012 at 09:00 A.M. ( **Exhibit 1** ).

16. Complainant alleges that there has been no valid assignment of deed of trust recorded with the County of Riverside at any time transferring any interest in the deed of trust to the Defendants.

17. On November 15, 2012 at 09:05, the DEFENDANTS foreclosed on the subject real property without authority, right or proper standing to foreclose and auction the subject property.

18. Complainant alleges that any assignment of the first deed of trust would have constituted a transfer pursuant to 11 U.S.C. § 101(54) – specifically 11 U.S.C. § 101(54)(D)(ii) - and Cal. Civ. Code §§ 1213-1215. This transfer would have been subject to Section 544 and Cal. Civ. Code Sections 3439.01-.12 under the holding In re Madrid, 725 F.2d 1197, 1200, fn. 2 (9th Cir. 1984), as affirmed by In re Ehring, 91 B.R. 897, 900 (9th Cir. BAP 1988) and not overruled by In re Ehring, 900 F.2d 184 (9th Cir. 1990), nor BFP v. RTC, 511 U.S. 531 (1994).

19. On November 20, 2012, an invalid Trustee's Deed upon sale was recorded as instrument # 2012-0561235 by NBS Default Services, LLC.

20. The trustee's deed falsely stated that the amount paid by the grantee – the beneficiary - at the trustee sale was $460,000.00.

21. The trustee's deed indicated that the documentary transfer tax paid to the County was "$0.00"

22. Plaintiff alleges that the sale and the trustee's deed constituted one or more transfers pursuant to 11 U.S.C. § 101(54) – specifically 11 U.S.C. § 101(54)(C, D) - and Cal. Civ. Code §§1213-1215. Any such transfer is subject to Section 548 and Section

544 with Cal. Civ. Code Sections 3439.01-.12 directly under the Code and indirectly under the holding of In re Madrid, 725 F.2d 1197, 1200, fn. 2 (9th Cir. 1984), as affirmed by In re Ehring, 91 B.R. 897, 900 (9th Cir. BAP 1988) and not overruled by In re Ehring, 900 F.2d 184 (9th Cir. 1990), nor BFP v. RTC, 511 U.S. 531 (1994).

23. The Defendant paid zero transfer taxes to the County of Riverside to acquire title by trustee's deed upon sale.

24. The Defendant was not the beneficiary at the time of the foreclosure sale.

25. On information and belief, Complainant does not know the actual price paid to convey title.

26. On information and belief, Complainant alleges that $460,000.00 was NOT the amount paid NOR the equivalent amount paid at the foreclosure sale.

27. On information and belief, Plaintiff alleges that the Defendant bid in NONE or zero dollars in lawful money of the United States at the foreclosure sale.

28. On information and belief, Plaintiff alleges that the Defendant made NO credit bid for the subject real property at the foreclosure sale.

29. The subject real property was transferred for less than reasonably equivalent value as a result of the foreclosure sale.

30. The presumption that reasonably equivalent value is equal to the foreclosure sale price does not apply because the sale was collusive.

31. The presumption that reasonably equivalent value is equal to the foreclosure sale price does not apply because the sale was conducted in violation of non-judicial foreclosure statutes under California law.

32. Plaintiff/Debtor was insolvent at the time of the foreclosure sale.

33. The Plaintiff/Debtor did not conceal this claim in this bankruptcy.

34. The Defendants violated the automatic stay of the Bankruptcy Code ( 11 U.S.C. § 362).

35. The Chapter 13 Trustee has not and will not attempt to avoid the fraudulent transfer of the subject property.

36. The United States Trustee has not and will not attempt to avoid the fraudulent transfer of the subject property.

37. Section 522 of the Code – specifically paragraphs (g) and (h) - grants that any debtor may avoid a transfer of property of the debtor if such transfer is avoidable by the trustee appointed by the United States Trustee and said trustee does not attempt to avoid such transfer of property to the extent that the debtor could have exempted such property. 60. Section 522 of the Code – specifically paragraphs (b) and (g) - grants that a debtor may exempt property that the trustee recovers to the extent that the debtor could have exempted such property if such property had not been transferred if such transfer was not a voluntary transfer by the debtor and the debtor did not conceal such property.

38. Sections 522, 544 and 548 grants that the debtor acting in place for the trustee may avoid any transfer if it may be avoided by a creditor under California law.

39. California Civil Code § 3439.04(a)(1) defines that a transfer made or obligation incurred is fraudulent as to a present or future creditor if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor.

40. California Civil Code § 3439.04(a)(2) defines that a transfer made or obligation incurred is constructively fraudulent as to a present or future creditor if made (i) for less than reasonably equivalent value (ii) at a time when the debtor was engaged or about to be engaged in a business or transaction for which any property remaining with the debtor was an unreasonably small capital, or (iii) at a time when the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

41. California Civil Code § 3439.05 defines transfers fraudulent as to present creditors: A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the

debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

42. Reasonably equivalent value is not presumed to be the foreclosure sale price when the foreclosure sale did not strictly comply with California non-judicial foreclosure statutes.

43. Reasonably equivalent value is not presumed to be the foreclosure sale price when the foreclosure sale was collusive.

44. A foreclosure sale where the beneficiary acquires title to the real property by credit bid to itself is presumptively collusive.

45. Defendants cannot rebut this presumption.

# V
## STATEMENT OF THE CASE
## VIOLATION OF AUTOMATIC STAY

46. Claimant, Brenda B. Bidaure, a Holder-In-Due Course of juristic entity known as "BRENDA B. BIDAURE", (See Attached UCC1, **Exhibit 2)** non-insurgent, a U.S. National, peaceably visits the court specially, is seeking on this Complaint and injunctive relief for violation of Automatic Stay in order to prevent any further harm, damage, injuries and humiliation caused by Respondents/Defendants various fraudulent action, misrepresentation and violation of the bankruptcy automatic stay.

RELEVANT FACTS:

47. Claimant, Brenda B. Bidaure, Settlor of the Trust (Hereinafter the "NOTE") and a land owner (See **Exhibit 3** Declaration of Acceptance of Land Patent Assignment) of 4916 Westmont Street, Riverside, California 92507. Pursuant to 11 U.S.C. Sections 105(a) and 362(a)(3), files this adversary action to seek relief and reverse the fraudulent foreclosure of the said property on November 15, 2012 at 09:05 AM, from Violation of Automatic Stay. In support of the action, I, Brenda B. Bidaure, declare as follows:

48. Brenda B. Bidaure, is a Holder-In-Due Course of BRENDA B. BIDAURE filed for voluntary bankruptcy protection, in good faith, under **Chapter13 of the Bankruptcy Code; <u>Case No.: 6:12-bk-35577-DS</u> (see Notice of Bankruptcy**

**Case Filing, (Exhibit 3), entered on Nov.15, 2012 at 09:08 AM and filed on Nov. 15, 2012.**

49. Richard Cruz ID # 58K, Wells Fargo Default Operation- Foreclosure/Bankruptcy Department- 1-800-868-0043, was verbally notified prior to filing of BK on Nov. 15, 2012 around 08:35 A.M. that emergency Bankruptcy Petition is on process (Chapter 13). Furthermore, Richard Cruz was advised to stop the Trustee sale commencing November 15, 2012 at 09:00 A.M. Right after, around 08:52 A.M. NBS Default Services, LLC as Trustee for Wells Fargo Bank was also notified. Joel Pate said "Okay but we will need the Bk case number and copy of the petition". Joel Pate provided the direct fax number 1-972-643-6699.

50. On November 15, 2012, The BK Petition was filed around 09:08 and I immediately called NBS Default Services, LLC at 09:20 A.M. and verbally gave the BK case number: **6:12-bk-35577-DS** to Joel Pate which he and I confirmed and transmitted the BK Petition copy via fax shortly after.

51. On November 15, 2012, around 9:31 a.m. Mr. Delshonn Hodges, a Wells Fargo Bank employee help to fax the filed original Petition of Bankruptcy to NBS Default Services, LLC Trustee for Wells Fargo Bank, N.A. See confirmation copy and copy of Notice of Bankruptcy Case Filing (**Exhibit 4**).

52. On Nov 15, 2012, around 9:46 a.m. the employee of NBS Default Services LLC a person named Jerome confirmed that the Bankruptcy Petition was received.

53. The public auction of the property commonly known as 4916 Westmont Street, Riverside, California 92507 was held at Corona Civic Center, 849 W. 6th Street, Corona, CA 92882. According to the auctioneer named "GINA" the Trustee sale No. 9980-9117 was sold at 9:05 a.m. Additionally, it was mentioned that there was no buyer, and the property went back to the Bank.

54. Query to NBS Default Services LLC was initiated around 10:33 A.M. Request to speak with the Administrator, however, Gaby Ospino-Notary Public answered instead and responded that the property was already sold, because I was late in filing the BK. And it would not matter because the property belongs to the Trust. She further stated that there was no buyer and the property went back to the Bank

and Wells Fargo Bank now owns the property and that is the process.

55. On Nov. 15, 2012 around 11:05 A.M. NBS Default Services, LLC was notified and Les Poppit, an officer, agent or employee of NBS Default Services, LLC stated that my property was already sold and went back to Bank. He further stated that I have to follow the procedure when I get an unlawful detaineer (U.D.) and bank process eviction.

56. On November 26, 2012, the Trustee's Deed Upon Sale TS# 9980-9117, TSG Order#: 89731, A.P.N.:253-381-009-5 was fraudulently filed and recorded at the Riverside County Clerk Recorder. This is a willful violation of the automatic stay (11 U.S.C. § 362), and fraudulent transfer of real property ( 11 U.S.C. § 548). The property is described as follows:

> *Lot 24 of Tract No. 32820 in the city of Riverside, County of Riverside as shown by Map on file in Book 411 pages 11 through 18, inclusive, of Maps, Records of Riverside County, California.*

57. The Trustee's Deed Upon Sale was dated November 15, 2012, signed by Les Poppit, notarized and signed under penalty of perjury by Gaby Ospino. ( **Exhibit 5**).

58. On November 21, 2012, a green colored Notice, from Felicia "Flip" Tyler, a Realtor agent, DRE#01029964, of Coldwell Banker, was posted at the front door of the property. The Notice stated:

" *Dear Occupant, Wells Fargo Bank, N.A. doing business as Premier Asset Services, in its capacity as mortgage loan servicer and on behalf of the title holder of record, completed a foreclosure or deed in lieu of foreclosure proceeding on the property located at: 4916 WESTMONT ST, RIVERSIDE , CA, 92507 Unit Number: N/A. If you are the former owner or tenant currently occupying the property and are over the age of 18, please read the information provided below to help you make an informed decision about your options. Please contact Flip Tyler within five (5) business days to discuss and share your option preference". (**Exhibit 6** ) Please see Exhibit 6 for more details. Also, stated on the Notice is a handwritten note by Flip Tyler, stating" Please call me. The bank requires that I post notices until you can call me". I, Brenda B Bidaure, called Flip Tyler on November 23, 2012, notified and faxed to her the Notice of Bankruptcy Case Filing and a letter*

*(Exhibit 7 ). She told me not to worry about anything and that she will forward the letter and copy of BK Notice/Petition to the Bank.*

59. Prior to and on the day of Trustee Sale, dated Nov. 15, 2012, the following documents were submitted to NBS Default Services, LLC and Wells Fargo Bank  **(Exhibit 8)**:

a.  RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, mailed, dated, August 03, 2012---1 page only;

b. Letter of Notice of Quit Claim Deed,( faxed and mailed) dated, October 31, 2012---2 pages only;

c. Documents for Loan Modification (47 pages) per Anthony Polito, Wells Fargo Home Preservation Specialist, faxed Nov. 13, 2012-----2 pages only;

d. Letter of Dispute of Purported Debt, Debt Collection Notice Dated, hereinafter referred to as "Claim", dated, Nov 13, 2012, (faxed and mailed)----2 pages only;

e. Letter Requesting Trustee Attorney to Review documents sent previously and postpone the Trustee sale, Nov. 15, 2012 at 09:00, faxed dated documents (23 pages), Nov. 14, 2012---3 pages only;

f. Despite of all the attempts, efforts and numerous letters, telephone calls, and asking for a loan modification, up to the sale date to prevent the property from being foreclosed, employees of Wells Fargo Bank N.A and NBS Default Services, LLC showed no response and unwillingness to work things out to postpone the sale, instead denied the loan modification application and proceeded to foreclose my property on Nov. 15, 2012 at 09:05, the same day, the bankruptcy was filed.

g. On November 29, 2012, via USPS certified mail of notice of violation of Automatic Stay was sent to Wells Fargo Bank, N.A., NBS Default Services, LLC and Michael S. Blau. **(Exhibit 9 ).** Up to present, no response was ever receive from Wells Fargo Bank, N.A; NBS Default Services, LLC and Michael S. Blau..

h. Wells Fargo Bank, N.A., NBS Default Services, LLC and employees of said entity's unlawful action caused irreparable injury to claimant such as: mental anguish, emotional suffering, stress, anxiety, depression, inability to concentrate at work, loss of sleep and loss of appetite; and caused the claimant to file for medical leave and disability.

# VI

## STATEMENT OF THE CASE FRAUDULENT

## TRANSFER OF REAL PROPERTY

60. This Action seeks judicial determination that the Claimant may avoid a transfer of the real property to an under-secured creditor by credit bid at a non-judicial foreclosure sale where the conveyance of title was an actually fraudulent transfer and/or a constructively fraudulent transfer for less than reasonably equivalent value.

61. Claimant alleged that the foreclosure sale of the subject real property was an actually fraudulent transfer because the sale was collusive. "**[C]ollusive** foreclosure sales are likely subject to attack" as fraudulent transfers if they were made "with actual intent to hinder, delay, or defraud" creditors. BFP v. Resolution Trust Corp., 511 U.S. 531, 545 (1994) (hereinafter referred to as "BFP").

62. Claimant contends that every credit bid foreclosure sale of real property to a secured creditor holding an under-secured mortgage or deed of trust is presumptively collusive. Any opportunity for competitive bidding is chilled by the complete discretion of an under-secured creditor to bid in any amount below or above fair market value up to the amount of indebtedness. Without competition, the under-secured creditor may bid in any amount it chooses including zero dollars ($0).

63. Claimant alleges that the foreclosure sale of the subject real property was a constructively fraudulent transfer because "the price in fact received at foreclosure sale" must be presumed to be less than one hundred dollars ($100) – including zero dollars ($0) - where no transfer tax was paid by the Defendant when recording the trustee's deed upon sale.

64. Claimant contends that where the beneficiary under a deed of trust acquires title by credit bid there can be no presumption that "reasonably equivalent value" ("REV") is equal to the credit bid where no transfer tax was paid. Pursuant to California Revenue and Taxation Code § 11911, if the transfer tax is zero, the price in fact

received at the foreclosure sale must be presumed to be less than one hundred dollars ($100).

65. Claimant contends that the conclusive presumption under BFP that "reasonably equivalent value" ("REV") equals the foreclosure sale price does not apply to credit bid foreclosure sales to secured creditors holding under-secured mortgages.

66. Claimant contends that the holding of BFP requires the analysis of every under-secured credit bid foreclosure sale to determine (I) whether the sale was collusive, (II) whether the sale strictly complied with foreclosure laws, (III) whether "the price in fact received at the foreclosure sale" was the amount paid to convey title, and (IV) whether the amount paid to convey title was reasonably equivalent to the property's actual value at the time of the sale. BFP v. Resolution Trust Corp., 511 U.S.531, 545-546 ["We deem, as the law has always deemed, that a fair and proper price, or a 'reasonably equivalent value,' for foreclosed property is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with. ... Any irregularity in the conduct of the sale that would permit judicial invalidation of the sale under applicable state law deprives the sale price of its conclusive force ... and the transfer may be avoided if the price received was not reasonably equivalent to the property's actual value at the time of the sale (which we think would be the price that would have been received if the foreclosure sale had proceeded according to law)."]; In re Lindsay, 59 F.3d 942, 948 (9th Cir. 1995) ["Even if there were such an irregularity, that alone would not permit setting aside the foreclosure sale as a fraudulent conveyance. It would destroy the irrebutability of the presumption that the price was 'reasonably equivalent value.' The transfer could then be avoided if the price received was not reasonably equivalent to 'the price that would have been received if the foreclosure sale had proceeded according to law.'"].

67. As shown in the Trustee's Deed Upon Sale attached to this complaint as **Exhibit 5**, no transfer tax was paid when title was conveyed to the Defendant. Plaintiff alleges that the foreclosure sale of the Plaintiff's real property was an actually fraudulent transfer because it was collusive and it was a constructively fraudulent transfer because there were significant irregularities in the conduct of the sale and "the price

in fact received at the foreclosure sale" must be presumed to be less than one hundred dollars ($100) or zero dollars ($0).

VII

## STATEMENT OF CLAIMS FOR RELIEF

VII-1.

### VIOLATION OF AUTOMATIC STAY

( 11 U.S.C. § 362 )

68. The Bankruptcy Code contains a specific legal action against a creditor who causes injury to an individual by a willful violation of the automatic stay (11 U.S.C. § 362). The automatic stay is a court order that is immediately imposed when the debtor files a bankruptcy petition, and it prohibits anyone from trying to obtain the debtor's property. If someone violates the stay, bankruptcy code provides for actual damages, costs and attorney's fees as well as punitive damages, if appropriate (11U.S.C. § 362(k)(1)).

69. The automatic stay is a court order should protect that house or each and all creditors. When the creditors violate it, they can be held in contempt of the court that issued the order. Civil contempt is a willful disregard of a court order. Punishment for civil contempt may be a fine or imprisonment, the goal of which is to get the violator to comply with the order. It is quite clear that a violation of the stay's prohibitions constitutes contempt of court. The legislative history of bankruptcy code ( 11 U.S.C.§ 362(k)) makes it clear that Congress was granting an additional remedy to debtors beyond those already in existence. This includes the bankruptcy court's power to hold a creditor in contempt.

70. Indeed, if either a creditor or its collection agent has knowledge of the case, the creditor may be held in contempt for any collection attempts which are made by its collection agent after the bankruptcy petition was filed. Also, reliance in good faith

on the advice of an attorney that collection actions are not barred by the stay is no defense. "Computer error" is not a valid defense, either.

71. The sanctions or penalties that may be imposed for contempt are similar to those available under bankruptcy code (11 U.S.C § 362(k)). They may include fines and attorneys' fees, in appropriate cases, against both the person who violated the stay order and any attorneys who advised such violations. Many courts have held that damages for contempt may also be awarded. But, in any event, the bankruptcy court has exclusive authority over sanctions for violations of the automatic stay itself, and any contempt actions for violating the stay must be filed in the bankruptcy court.

72. 11 U.S.C. 362(a)(3) of the Bankruptcy Code provides that "any act to obtain an advantage before seeking relief from the debtor is a direct act to obtain possession

of the estate or to exercise control over property of the estate" is a violation of the automatic stay.

73. This court has the power pursuant to 11 U.S.C. § 105 to enter any order, process before a relief from stay is given is a direct violation under the law. Therefore, the debtor is seeking to have this instrument transferring of the property void of this instrument, a direct violation of 11 U.S.C§ 362(a) (3) of, therefore, this serve as a notice that any action brought against the debtor should be filed as it was before the BK sale date, therefore, any and all provisions of this title must go back to debtor.

74. As the damages are immeasurable at this time, Debtor reserves all rights, remedies and causes of action, including pursuit of punitive damages against Wells Fargo Bank, N.A., NBS Default Services, LLC, and attorneys and any related entities. See Marti Dec!. ~ 7 at p. 2.

75. The U.S. District Bankruptcy recently held that filing of a bankruptcy petition by a borrower can void a trustee sale even where the petition is filed after the trustee sale, so long as the borrower files the petition before the execution of the Trustee's Deed Upon Sale. The case is ***In Re: Gonzales 2011 WL3328508(Bkrtcy C.D.cal.).***

76. If the deed of trust has not been prepared and recorded there is a potential that the judge can find that the sale is not final and is in fact void at the time of the bankruptcy filing. The Creditors' has always been aware of the debtor's Bankruptcy and the debtor warned creditors of the bankruptcy but they all proceed to violate the automatic stay. See Wilson Decl. ~~ 9, 10, and 11 at pp. 3-4 of his oral warning.

VII-2

TO DECLARE THAT FORECLOSURE SALE OF REAL PROPERTY THAT IS A

FRAUDULENT TRANSFER MAY BE AVOIDED

[BFP v. Resolution Trust Corp., 511 U.S. 531, 545-546 (1994)]

77. Plaintiff incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

78. The term "transfer" includes "the foreclosure of a debtor's equity of redemption "Section 101(54)(C)".

79. Foreclosure sales that are collusive are likely subject to attack as actually fraudulent transfers when "made ... with actual intent to hinder, delay or defraud" creditors. BFP v Resolution Trust Corp., 511 U.S. 531, 545 (1994).

80. Complainant alleges that the foreclosure sale of the subject real property was collusive and made with actual intent to hinder, delay or defraud creditors and it must be avoided as an actually fraudulent transfer.

81. In constructively fraudulent transfers, there is no conclusive presumption that reasonably equivalent value equals foreclosure sale price when there is any irregularity in the conduct of the foreclosure sale that would permit judicial invalidation of the sale under applicable state law and "the transfer may be avoided if the price received was not reasonably equivalent to the property's actual value at the time of the sale (which we think would be the price that would have been received if the foreclosure sale had proceeded according to law)." BFP v Resolution Trust Corp., 511 U.S. 531, 545-546 (1994); In re Lindsay, 59 F.3d 942, 948 (9th Cir. 1995) (Dicta: "Even if there were such an irregularity, that alone would not permit

setting aside the foreclosure sale as a fraudulent conveyance. It would destroy the irrebutability of the presumption that the price was 'reasonably equivalent value.'")

82. Complainant's alleges that the foreclosure sale of the subject real property did not strictly comply with California non-judicial foreclosure laws and therefore there is no conclusive presumption that the sale price is equal to reasonably equivalent value and it must be avoided as a constructively fraudulent transfer.

83. Plaintiff requests declaratory relief in the form of a judicial determination that a foreclosure sale that is collusive and made with actual intent to hinder, delay or defraud creditors may be avoided as an actual fraudulent transfer.

84. Plaintiff requests declaratory relief in the form of a judicial determination that a foreclosure sale that does not strictly comply with nonjudicial foreclosure laws may be avoided as a constructively fraudulent transfer without the conclusive presumption that the foreclosure sale price is equal to reasonably equivalent value.

## VII-3

## TO DECLARE THAT DEBTOR MAY AVOID A TRANSFER

### [11 U.S.C. §§ 522]

85. Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

86. Plaintiff alleges that the foreclosure sale is avoidable by the Chapter 13 Trustee under Sections 544, 548 of the Code.

87. The debtor may exempt the subject real property pursuant to Section 522(g).

88. The debtor may avoid the foreclosure sale pursuant to Section 522(h). See also In re Cohen, 305 B.R. 886, 892 (2004).

89. Complainant alleges that the Chapter 13 Trustee has not attempted to avoid the foreclosure sale.

90. Complainant alleges that the Chapter 13 Trustee will not attempt to avoid the foreclosure sale.

91. Complainant alleges that the U.S. Trustee has not attempted and will not attempt to avoid the foreclosure sale.

92. Debtor could have and would have exempted the subject property if it had not been transferred under federal exemption law or California exemption law.

93. Debtor has exempted the subject real property or these claims to recover it.

94. The Plaintiff did not consent to the transfer of the subject property and as to them it was not voluntary.

95. The Debtor did not conceal the subject property or these claims for relief in this bankruptcy.

96. The Debtor requests a judicial determination that the Debtor may step into the shoe of the Chapter 13 Trustee so as to avoid the transfer of the subject property.

97. The Debtor requests a judicial determination that the Debtor may step into the shoes of the Chapter 13 Trustee to recover avoidable property under Section 522(g), 542, 550, 551 and 1306.

## VII-4

## TO DECLARE THAT FORECLOSURE SALE BY CREDIT BID IS PRESUMED TO BE

## COLLUSIVE

98. Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

99. A beneficiary holding an under secured mortgage may bid in any amount from $0.00 to the fair market value of the property to the full indebtedness secured by the property. Thus, any credit bid from on under secured beneficiary will completely chill the competitive bidding at a foreclosure sale and prevent a fair auction from taking place.

100.    Complainant requests a judicial determination that a foreclosure sale by credit bid to an under secured creditor is presumed to be collusive and that the "successful" credit-bid creditor has the burden of proof to rebut the presumption.

## VII-5

## TO DECLARE THAT THE PRICE IN FACT RECEIVED AT FORECLOSURE SALE

IS PRESUMED TO BE ONE HUNDRED DOLLARS ($100) OR LESS WHEN NO

TRANSFER TAX IS PAID [Cal.R&T § 11911]

101.    Complainant incorporates herein by reference the allegations made in the
foregoing paragraphs of this complaint, supra, as though fully set forth herein.

102.    California Revenue and Taxation Code § 11911(a) allows for the payment of
documentary transfer tax when real property is conveyed: "when the consideration
or value of the interest or property conveyed (exclusive of the value of any lien or
encumberance remaining thereon at the time of sale) exceeds one hundred dollars
($100) a tax rate at the rate of fifty-five ($0.55) for each five hundred dollars ($500)
or fractional part thereof."

103.    Complainant alleges that there is no lien or encumbrance remaining thereon
the subject real property at the time of the foreclosure sale, therefore a trustee's
deed upon sale which shows a transfer tax equal to zero is presumed to be a sale for
consideration or value less than one hundred dollars ($100).

104.    Complainant requests a judicial determination that as there is no lien or
encumbrance remaining thereon at the time of foreclosure sale, a Trustee's Deed
Upon Sale which shows a transfer tax equal to zero is presumed to be a sale for
consideration or value less than one hundred dollars ($100).

VII-6.

TO AVOID ACTUALLY FRAUDULENT TRANSFER OF REAL PROPERTY

[11 U.S.C. § 548(a)(1)(A)]

105.    Complainant incorporates herein by reference the allegations made in the
foregoing paragraphs of this complaint, supra, as though fully set forth herein.

106.    The Debtor stands in place of Chapter 13 Trustee.

107.    Defendant colluded with itself and the foreclosure trustee to set the foreclosure sale price at zero by pretending to bid $460,000.00. Defendant did this with actual intent to delay, hinder, or defraud Debtor's other creditors.

108.    Plaintiff requests a judicial determination that the sale must be avoided pursuant to Section 548(a)(1)(A).

## VII-7.

## TO USE STRONG-ARM POWERS TO AVOID ACTUALLY FRAUDULENT TRANSFER

## OF REAL PROPERTY

### [11 U.S.C. § 544, Cal. Civ. C. § 3439.04(A)(1)]

109.    Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

110.    Debtor in place of the Chapter 13 Trustee may use "strong-arm powers" under Section 544 to avoid actually fraudulent transfers under Cal. Civ. C. § 3439.04(A)(1).

111.    Defendant colluded with itself and the foreclosure trustee to set the foreclosure sale price at zero by pretending to bid the amount stated on the Trustee's Deed Upon Sale. Defendant did this with actual intent to delay, hinder, or defraud Debtor's other creditors.

112.    Complainant requests judicial determination that the sale must be avoided as an actually fraudulent transfer under Section 544 and Cal. Civ. C. § 3439.04(A)(1).

## VII-8.

## TO AVOID CONSTRUCTIVELY FRAUDULENT TRANSFER OF REAL PROPERTY

### [11 U.S.C. § 548(a)(1)(B)]

113.    Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

114.    Complainant alleges that the foreclosure sale was collusive because Defendants colluded with itself and with the foreclosure trustee to establish the foreclosure sale price, if any. Plaintiff alleges that the foreclosure sale did not comply with non-judicial foreclosure statutes because Defendants never legally acquired the note or the deed of trust and the foreclosure trustee never had authority to conduct the sale.

115.    Complainant alleges that the subject transfer was in exchange for less than reasonably equivalent value because it was made for zero dollars because it was a credit bid or it was made for the amount that defendant paid for the note which was less than the credit bid or it was made for an amount different than the amount that was disclosed or it was made for the disclosed amount which was less than "would have been received if the foreclosure would have proceeded according to law."

116.    Complainant requests a judicial determination that the sale is avoided pursuant to Section 548(a)(1)(B).

## VII-9.

## TO USE STRONG-ARM POWERS TO AVOID CONSTRUCTIVELY FRAUDULENT

## TRANSFER OF REAL PROPERTY

### [11 U.S.C. § 544, CAL. C.C. §§ 3439.04(A)(2), 3439.05]

117.    Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

118.    The Debtor has creditors that arose prior to the foreclosure sale. The Debtor has creditors that arose after the foreclosure sale.

119.    Complainant alleges that the subject transfer was in exchange for less than reasonably equivalent value because it was made for less than one hundred dollars ($100) or zero dollars or it was made for the amount that defendant paid for the note which was less than the credit bid or it was made for an amount different than the amount that was disclosed or it was made for the disclosed amount which was less than "would have been received if the foreclosure would have proceeded according to law."

120.    Plaintiff alleges that the foreclosure sale was collusive because Defendant colluded with itself and with the foreclosure trustee to establish the foreclosure sale price, if any.

121.    Plaintiff alleges that the foreclosure sale did not comply with non-judicial foreclosure statutes because Defendants never legally acquired the note or the deed of trust and the foreclosure trustee never had authority to conduct the sale.

122.    The Debtor was insolvent at the time of the sale or became insolvent as a result of the sale.

123.    Complainant requests a judicial determination that the sale is avoided pursuant to Section 544 and Cal. Civil Code Section 3439.04(a)(2).

124.    Complainant requests a judicial determination that the sale is avoided pursuant to Section 544 and Cal. Civil Code Section 3439.05.


VII-10.

TO RECOVER REAL PROPERTY AND QUIET TITLE THERETO

[11 U.S.C. §§ 550, 551, 28 U.S.C. § 2201]


125.    Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

126.    Debtor stands in place of the Chapter 13 Trustee.

127.    Sections 522(i), 550, 551 allow for recovery where the transfer of property is avoided under Sections 544, 548.

128.    28 U.S.C. § 2201 allows for this court to "declare the rights and other legal relations of any interested party seeking such declaration."

129.    The Debtor is entitled to the recovery of the subject real property and quiet title thereto.

130.    Complainant demands a judicial determination to recover the subject property and to hold quiet title to the subject property against all comers.

VII-11.

FOR AUTOMATIC TURNOVER OF REAL PROPERTY AND EJECTMENT

[11 U.S.C. §§ 542, 1306]

130.  Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

131.  The subject real property is property of the bankruptcy estate and the Debtor is entitled to its use and its automatic turnover.

132. The Complainant is entitled to quiet enjoyment of the subject real property.

133. Complainant demands the court to order the defendant and any others asserting

control or possession over the subject property to automatically turnover the subject property and to cease their possession of the subject property, for ejectment and for a writ of possession to the subject property.

VII-12.

TO DECLARE THAT REAL PROPERTY IS NOT SUBJECT TO SECURITY

INTEREST [11 U.S.C. § 552]

135. Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

136. The Plaintiff did not enter into a security agreement before the commencement of the case with the Defendant.

137. The entity or entities that Plaintiff agreed with, no longer exist

138. The subject real property is not subject to any lien resulting from any security agreement entered into by the debtor.

139. Complainant requests the court for a judicial determination that when the foreclosure sale is avoided and the subject real property recovered, the subject real property will not be subject to a security instrument.

## VII-13.

## FOR INJUNCTIVE RELIEF

## [11 U.S.C. §§ 105, 362]

140. Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

141. Complainant is likely to succeed on the merits of this claim.

142. Complainant will suffer irreparable harm if Defendant is permitted to proceed with an eviction.

143. Complainant requires injunctive relief pursuant to 11 U.S.C. §§ 105, 362.

144. Plaintiff at this point has no adequate remedy of law for injuries that are threatened as the subject home is unique, it provides a place to live. Plaintiff is the real party in interest and has substantial equity in it. An eviction coupled with a forced move has a potential of causing further losses in regard to employment and health.

145. Plaintiff requests injunctive relief from the court by an order to enjoin the Defendant from taking any action against the Debtor or the subject real property, including its sale.

## VII-14.

## DAMAGES

146. Plaintiff incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

147. Complainant has suffered actual damages, including emotional distress, due to Defendants' conduct.

148. Defendants' conduct has been malicious and intentionally deceitful thereby, depriving the Plaintiff of property or legal rights or otherwise causing an injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

149. Complainant requests actual damages incurred as a result of defendant's unlawful conduct to be determined upon proof.

150. Complainant request punitive damages due to the defendants' intentional and malicious conduct.

VII-15.

COSTS

151. Complainant incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, supra, as though fully set forth herein.

152. Complainant requests costs of suit, including non-attorney fees, for the action file to prevent the foreclosure.

153. Complainant requests costs of suit, including non-attorney fees, for filing this bankruptcy case.

154. Complainant requests costs of suit, including non-attorney fees, for this adversary proceeding.

VII-16

PRAYER FOR RELIEF

Wherefore, Complainant prays for judgment against the Defendants as follows:

a. For a declaration that the Defendants violated the Automatic Stay.

b. For a declaration of the rights and duties of the parties that the subject foreclosure sale is an avoidable fraudulent transfer.

c. For a declaration that the Debtor has standing to step into the shoes of the Chapter 13 Trustee to avoid the subject foreclosure sale.

d.  For a declaration that the foreclosure sale was collusive.

e.  For a declaration that the subject foreclosure sale is avoided as an actually fraudulent transfer pursuant to Section 548(a)(1)(A).

f.  For a declaration that the subject foreclosure sale is avoided as an actually fraudulent transfer pursuant to Section 544 and Cal. Civil Code § 3439.04(a)(1).

g.  For a declaration that the foreclosure sale price was not reasonably equivalent value because the foreclosure sale did not comply with California's non-judicial foreclosure statute.

h.  For a declaration that the foreclosure sale price is presumed to be less than one hundred ($100).

i.  For a declaration that the subject foreclosure sale is avoided as a constructively fraudulent transfer pursuant to Section 548(a)(1)(B).

j.  For a declaration that the subject foreclosure sale is avoided as a constructively fraudulent transfer pursuant to Section 544 and Cal. Civil Code § 3439.04(a)(2).

k.  For a declaration that subject foreclosure sale is avoided as a constructively fraudulent transfer pursuant to Section 544 and Cal. Civil Code § 3439.05.

l.  For a declaration that Plaintiff is the true and rightful owner of the subject real property.

m.  For an order quieting title to the subject property to the Plaintiff.

n.  For an order ejecting the defendants and all others from possessing the subject property.

o.  For actual damages in an amount to be proved.

p.  For punitive damages.

q.  For reasonable attorney fees and legal costs incurred, should counsel be retained.

r.  For all other relief deemed necessary and appropriate under law.

DATE: December 27, 2012

Respectfully Submitted,

By: _____

Brenda B. Bidaure

Reserve all rights without prejudice

## VERIFICATION

I, Brenda B. Bidaure, have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters alleged on information and belief, and as those matters, I believe them to be true.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

DATE: December 27, 2012                              By: _____
                                                     Brenda B. Bidaure
                                                     Reserve all rights without prejudice

## AFFIDAVIT OF DECLARATION

I, Brenda B. Bidaure, Holder- In- Due Course, declare that the foregoing statements are true and correct. I filed a Chapter 13, in behalf of BRENDA B. BIDAURE, Case No.: 6:12-bk-35577-DS, on November 15, 2012 at 09:08 at the U.S. Bankruptcy Court, Central District of California, Riverside, California, and the schedules have been filed on November 29, 2012. This notice serves as a legal binding notice that has been given to all real parties of interest. Executed at the County of Riverside, California. I declare that the above statements are true and correct under penalty of perjury under the laws of the United States of America, to the best of my knowledge and belief.

DATE: December 27, 2012                              Respectfully Submitted,

                                                     By: _____
                                                     Brenda B. Bidaure
                                                     Reserve all rights without prejudice

# EXHIBIT  1

## TRUE AND CORRECT COPY:

### NOTICE OF DEFAULT
### SUBSTITUTION OF TRUSTEE
### NOTICE OF TRUSTEE SALE

$\Lambda$

RECORDING REQUESTED BY:
**TICOR TITLE COMPANY OF CALIFORNIA**
**18302 IRVINE BLVD, STE 100, TUSTIN, CA 92780**

WHEN RECORDED MAIL TO:
**NBS Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
**Long Beach, CA 90802**

**DOC # 2012-0322461**
07/11/2012 08:00 AM Fees: $24.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: QHENSON

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 253-381-009-5  TS No.: 9980-9117  TSG ORDER No.: 89731

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$70,460.08** as of **07/09/2012**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and Deed of Trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Wells Fargo Bank, N. A.**
**c/o NBS Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
**Long Beach, CA 90802**
**Attn: Foreclosure Dept.**
**800-766-7751**

**TRUE and CORRECT COPY**

TS No.: 9980-9117

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

# REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That NBS Default Services, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 09/20/2007, executed by BRENDA BIDAURE, A SINGLE PERSON, as Trustor(s), to secure certain obligations in favor of WELLS FARGO BANK, N.A., as beneficiary, recorded on 09/25/2007 as Document No.: 2007-0601232, of Official Records in the Office of the Recorder of Riverside County, California describing land therein as: As more fully described on said Deed of Trust.

Included among these obligations is one Note(s) for the original sum of **$469,420.00** that that beneficial interest under such Deed of Trust and the obligations secured thereby presently held by the beneficiary or its agent; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: **Installment of Principal and Interest which became due on 12/01/2010, plus impounds and/or advances together with late charges, and all subsequent installments of principal, interest, plus impounds and/or advances and late charges and any reoccurring obligation that become due, including trustee's fees and expenses.**

That by reason therefore, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby. **NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS WAIVER OF ANY OTHER FEES OWING TO THE BENEFICIARY, OR OTHER DEFAULT BY THE TRUSTOR, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

**The beneficiary declares that it has complied with California Civil Code Section 2923.5. The Declaration pursuant to California Civil Code, Section 2923.5(b) is attached hereto as Exhibit "A"**

Dated: July 9, 2012

NBS Default Services, LLC, as Trustee or Agent for the Beneficiary

BY: _____

Gaby Ospino

"We are attempting to collect a debt, and any information we obtain will be used for that purpose."

# NOTICE OF DEFAULT DECLARATION
## PURSUANT TO CALIFORNIA CIVIL CODE 2923.5

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC 29715

Borrower: BRENDA BIDAURE
Co Borrower:
Property Address: 4916 WESTMONT ST
                 RIVERSIDE CA 92507

The undersigned mortgagee, beneficiary, or their authorized agent (collectively, the "Beneficiary") represent and declares that the requirements of CA Civil Code 2923.5 have been met. This Declaration is required for any residential owner occupied property in which the loan was originated between January 1, 2003 and December 31, 2007. Non-owner occupied and vacant properties are exempt from the requirements of CA Civil Code 2923.5.

The requirement indicated by "X" was met by the Beneficiary:

**X**  The Beneficiary has made contact with the borrower pursuant to CA Civil Code 2923(a)(2). Contact with the borrower was made in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

___  Due Diligence to contact the borrower was exercised pursuant to CA Civil Code 2923.5(g)(2) by the Beneficiary.

___  The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, Trustee, beneficiary, or authorized agent pursuant to CA Civil Code 2923.5(h)(1).

___  The borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries pursuant to CA Civil Code 2923.5(h)(2).

___  The borrower has filed for bankruptcy and the proceedings have not been finalized pursuant to CA Civil Code 2923.5(h)(3).

___  An Exemption as identified in 2923.5 (h) & (i) applies: The loan did not originate between January 1, 2003 and December 31, 2007 or the property is deemed Non-owner occupied or vacant.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 5/11/12

Sean C Lindsay

Wells Fargo Bank, N.A.
Sean C Lindsay
VP of Loan Documentation

**DOC # 2012-0388435**
08/15/2012 08:00 AM Fees: $24.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

# TICOR TITLE

RECORDING REQUESTED BY:
NBS Default Services, LLC
AND WHEN RECORDED MAIL TO:
NBS Default Services, LLC
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: QHENSON

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 253-381-009-5    TS No.: **9980-9117**    TSG Order No.: **89731**

## SUBSTITUTION OF TRUSTEE

Pursuant to the provisions of that certain Deed of Trust dated 09/20/2007, by BRENDA BIDAURE, A SINGLE PERSON, as Trustor, to FIDELITY NATIONAL TITLE INS CO, as Trustee, for the benefit of WELLS FARGO BANK, N.A. as Beneficiary, recorded on 09/25/2007 as Document No.: 2007-0601232, in the office of the register of Riverside County, California; and to secure an obligation under a Promissory Note.

The undersigned, as the authorized agent of the holder of the note, does hereby remove FIDELITY NATIONAL TITLE INS CO, as Trustee and does, pursuant to the terms of the Deed of Trust, hereby remove any Substitute Trustee or Trustees who may have been previously appointed in place of the original Trustee, and does hereby appoint and substitute NBS Default Services, LLC, to serve, effective immediately, as Substitute Trustee in the Deed of Trust, and to replace the FIDELITY NATIONAL TITLE INS CO. Said Substitute Trustee is qualified to serve as Trustee under the laws of this state.

The undersigned hereby revokes all other substitutions of trustee which it may have executed, appointed or filed in the past, giving and granting to said Substitute Trustee all the powers, duties and authority of the discharged Trustee, and hereby ratifying all acts of said Substitute Trustee heretofore or hereafter performed. Said Substitute Trustee shall, in accordance with the provisions of the deed of trust, succeed to all the title, powers and duties conferred upon the Original Trustee(s) by the terms of said deed of trust and by applicable law.

Dated: July 11, 2012

HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7, by Wells Fargo Bank N.A. as servicing agent

Kim Dunn
Vice President of Loan Documentation

**TRUE and CORRECT COPY**

DOC # 2012-0388435
Page 2 of 3  08/15/2012 08:00 AM

North Carolina
Wake County

I, Bertha S. Jones_____, a Notary Public of Wake County and State of North Carolina do hereby certify
that Kim Dunn personally came before me this day and acknowledged that he/she is the Vice President of Loan
Documentation of Wells Fargo Bank, NA., as Servicing Agent for HSBC Bank USA, National Association as Trustee
for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7 and
that he/she, as Vice President of Loan Documentation being authorized to do so, executed the foregoing on behalf of
the corporation.

Witness my hand and official seal, this 11th day of July, 2012.

_Bertha S. Jones_ (Signature)

_Bertha S. Jones_____Notary Public

My commission expires _02-05-2017_

DOC # 2012-0388435
Page 3 of 3  08/15/2012 08:00 AM

## AFFIDAVIT OF MAILING
## FOR SUBSTITUTION OF TRUSTEE BY CODE

TS No.: 9980-9117
Trustor(s): BRENDA BIDAURE, A SINGLE PERSON

I, Les Poppitt declare: That I am an officer, agent or employee, over the age of eighteen years of NBS Default Services, LLC whose business address is:

301 E. Ocean Blvd. Suite 1720, Long Beach, CA 90802

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner provided in Section 2924(b) of the Civil Code of the State of California to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of said section.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 8, 2012

Les Poppitt

**DOC # 2012-0514037**
10/26/2012 08:00 AM Fees: $21.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
**NBS Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
**Long Beach, CA 90802**

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MABRERA

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 9980-9117    TSG Order No.: 89731    A.P.N.: 253-381-009-5

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 09/20/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

NBS Default Services, LLC, as the duly appointed Trustee, under and pursuant to the power of sale contained in that certain Deed of Trust Recorded 09/25/2007 as Document No.: 2007-0601232, of Official Records in the office of the Recorder of Riverside County, California, executed by: BRENDA BIDAURE, A SINGLE PERSON, as Trustor, WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable in full at time of sale by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and state, and as more fully described in the above referenced Deed of Trust.

**Sale Date & Time: 11/15/2012 at 09:00 AM**
**Sale Location: In front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882**

The street address and other common designation, if any, of the real property described above is purported to be: 4916 WESTMONT ST, RIVERSIDE, CA 92507

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made in an "AS IS" condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit: **$597,720.77** (Estimated). Accrued interest and additional advances, if any, will increase this figure prior to sale. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that

**TRUE and
CORRECT COPY**

the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call, **(714)730-2727** for information regarding the trustee's sale or visit this Internet Web site, **https://www.lpsasap.com/,** for information regarding the sale of this property, using the file number assigned to this case, **T.S.# 9980-9117**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the internet Web site. The best way to verify postponement information is to attend the scheduled sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse.

The Declaration pursuant to California Civil Code, Section 2923.5(a) was fulfilled when the Notice of Default was recorded on 07/11/2012

NBS Default Services, LLC
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802
800-766-7751
For Trustee Sale Information Log On To: https://www.lpsasap.com/ or Call: (714)730-2727.

_____

**NBS Default Services, LLC, Gaby Ospino**

"We are attempting to collect a debt, and any information we obtain will be used for that purpose."

# EXHIBIT  2

## TRUE AND CORRECT COPY:

**RECORDED IN RIVERSIDE COUNTY RECORDER OFFICE**

**AND SECRETARY OF STATE IN CALIFORNIA (UCC)**

### UNIFORM COMMERCIAL CODE (UCC-1)
### WITH PRIVATE SECURITY AGREEMENT
### [  (PSA No. BBB (090655 ) ]
### DOCUMENT No. 08-716706954; 29568590002

**08-7167060954**

**07/30/2008 17:00**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

17864080002   UCC 1 FILING

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGEMENT TO:   (Name and Address)

Brenda-Burton: Bidaure
13024 Empty Saddle Court,
Corona, California State Republic
near [92883]

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| BRENDA-BURTON: BIDAURE / CESTUI QUE TRUST | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 13024 EMPTY SADDLE COURT | CORONA | California | 92883 | USA |

| ADD'L INFO RE: ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION DBA | 1f. JURISDICTION OF ORGANIZATION UNITED STATES | 1g. ORGANIZATIONAL ID #, if any N/A | ☐ NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| ADD'L INFO RE: ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| 3b. INDIVIDUAL'S LAST NAME Bidaure | FIRST NAME Brenda | MIDDLE NAME Burton | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS c/o 13024 Empty Saddle Court | CITY Corona | STATE California Republic | POSTAL CODE [92883] | COUNTRY Continental United States [North America] |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:

This is Actual and Constructive Notice that all of Debtor's Interest now held or hereafter acquired is hereby accepted as collateral for securing contractual obligation in favor of Secured Party as Detailed in a true, correct, complete, notarized Commercial Security Agreement in the possession of the Secured Party.
NOTICE: In accordance with various UCC Sections RE: Property- This is the entry of the Debtor in the Commercial Registry as a transmitting utility and the following property is hereby registered in the same as public notice of a commercial transaction: Certificate of Live Birth Registered # 2683(i55); Employer Identification # # F34928395; UCC Contract Trust Account # RA⬛⬛⬛⬛US;. ALL Property is accepted for value and is exempt from Levy. Adjustment of this filing is from Public Policy HJR-192, Public Law 73-10 and UCC10-104. All proceeds, products, accounts, fixtures and the orders therefrom are released to the Debtor.
BRENDA-BURTON: BIDAURE/ CESTUI QUE TRUST
" SEE ATTACHED NOTICE OF PRIVATE SECURITY AGREEMENT NO. BBB {090655}-PSA" .

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☒ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum    [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

Authorized Representative, Living, Sentient Man, Secured Party, Creditor's Autograph

FILING OFFICE COPY ~ NATIONAL UCC FINANCING STATEMENT (FORM UCC1) – CALIFORNIA (REV. 01/01/08)

**TRUE and
CORRECT COPY**

## UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

951-970-5847

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

BRENDA BIDAURE
P.O. BOX 77191
CORONA, CA 92877
USA

DOCUMENT NUMBER: 29568590002
FILING NUMBER: 11-7276177817
FILING DATE: 07/08/2011 12:47
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| FIDELITY NATIONAL TITLE CO. c/o DEFAULT RESOLUTION NETWORK | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 135 MAIN STREET, SUTE 1900 | SAN FRANCISCO | CA | 94105 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | CORPORATION | CALIFORN IA | C0797285  □ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| WELLS FARGO BANK, N.A. | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 420 MONTGOMERY STREET | SAN FRANCISCO | CA | 94163 | USA |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | CORPORATION | DELAWARE | C2160471  □ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Bidaure | Brenda | Burton | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4916 Westmont Street, Riverside, California Non domestic without the United States | | | | ZZZ |

**4. This FINANCING STATEMENT covers the following collateral:**

1. Certificate of Administrative Judgment dated July 04, 2011 between WELLS FARGO HOME MORTGAGE and Brenda B.Bidaure, Parcel Id No. 253-190-002-8.
2. Notice of Administrative Judgment dated July 04,2011, Parcel Id No. 253-190-002-8.
3. Notice of lien hold interest in the collateral property at 4916 Westmont Street, Riverside, Ca. 92507, see block 14, attached Ad hereto.
4. Security agreement conveys and grants Specific Power of Attorney to Brenda B. Bidaure to execute and file any and all documents necessary in behalf of Wells Fargo Bank, N.A and its subsidiary, to transfer title back on the property so described in block 14 Ad to the DEBTOR(S) herein as set forth in the security agreement.

**5. ALT DESIGNATION:** □ LESSEE/LESSOR □ CONSIGNEE/CONSIGNOR □ BAILEE/BAILOR □ SELLER/BUYER □ AG. LIEN □ NON-UCC FILING

| □ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] □ All Debtors □ Debtor 1 □ Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**

Signature of Secured party Creditor:/s/ Brenda B. Bidaure

FILING OFFICE COPY

**TRUE and
CORRECT COPY**

## PRIVATE SECURITY AGREEMENT No. BBB {090655}-PSA
### Non-Negotiable – Private Agreement Between two Parties

**PARTIES**

Debtor:    **BRENDA–BURTON BIDAURE trade-name (\*)**    Secured Party: c/o 13024 Empty Saddle  Court
    **13024 EMPTY SADDLE COURT**    Corona, California [92883]
    **CORONA, CALIFORNIA [92883]**
    **(\*BRENDA–BURTON BIDAURE, and any derivatives**    Brenda-Burton: Bidaure
    **and variations in the spelling of said name.)**

**This Security Agreement:**

This Security Agreement mutually agreed and entered on the Nineteenth day of the Seventh  month in the common era Two Thousand Eight between the juristic person BRENDA–BURTON BIDAURE, and also known by any and all derivatives and variations in the spelling of said name except  BRENDA–BURTON BIDAURE ," hereinafter jointly and severally "Debtor," and the neutral, living, sentient woman, i.e. natural, biological, and spiritual being,  BRENDA–BURTON BIDAURE™, hereinafter "Secured Party ."

**For valuable consideration, Controlling Creditor or Entitlement Holder BRENDA–BURTON BIDAURE;**

- (a) Assigns to BRENDA–BURTON BIDAURE, any security interests in any Collateral, not limited by the items described herein below for the purpose of securing any interests or any rights in any form whatsoever;
- (b) Transfers any collateral along with any controlling creditor or Security Entitlement or transfer or assignment or attachment or perfection rights, not limited by Security Entitlements, unto or into the possession and control of BRENDA–BURTON BIDAURE;
- (c) Agrees with having Debtor's name entered and registered in the records of the UCC filing office as a transmitting-utility Debtor, and
- (d) Agrees that BRENDA–BURTON BIDAURE, possesses any collateral along with any controlling creditor or Security Entitlement or transfer or assignment or attachment or perfection rights stated herein this Security Agreement re any Collateral, as well as any rights in whatever form whatsoever.

**This Security Agreement secures:**

- (a) The performance of obligations owed by Debtor in favor of Secured Party as set forth in the express written Agreement; value of said obligation identified specifically with property or collateral herein or inquiries may consult the secured party.
- (b) The repayment of (i) any amounts that Secured Party may advance, spend, and otherwise convey for the maintenance, preservation, upkeep, and the like of the Collateral, and (ii) any other expenditures that Secured Party may make under the provisions of this Security Agreement in particular and for the benefit of Debtor in general;
- (c) Any amounts owed under any modifications, renewals, and extensions of any of the foregoing obligations;
- (d) Any amounts owed now or in the future by Debtor for the benefit of Secured Party;
- (e) Any indebtedness or liabilities owed by Debtor in favor of Secured Party, both direct or indirect, absolute or contingent, due or as might become due, now existing or hereafter arising, or however evidenced;
- (f) Any other debts that may be owed by Debtor for the benefit of Secured Party upon occasion as stated herein.

Debtor transfers any controlling creditor or Entitlement rights or transfer or assignment or attachment or perfection rights or issuances or property or collateral or possessions or rights to Brenda-Burton: Bidaure. Any herein stated controlling creditor or Security Entitlement or transfer or assignment or attachment or perfection rights or issuances or property or collateral or possessions or rights shall  remain transferred to Brenda-Burton: Bidaure until this Security Agreement is terminated in writing and signed by both the Debtor and the Secured Party" herein-stated.

### *NOTICE AND WARNING!

Any juristic person, as well as any agent of said juristic person, agrees that neither said juristic person, nor the agent of said juristic person, shall display, nor use in any manner, the trade-name/trade-mark, common-law trade-name/trade-mark described herein, i.e. BRENDA–BURTON BIDAURE, or any variation thereof, or any derivative of said name, without prior, express, written consent of Controlling Creditor or Entitlement Holder or Claimant or Secured Party Brenda-Burton: Bidaure as signified by Secured Party's signature in red ink. Per both published Trade-name Notice attached hereto or NOTICE AND WARNING herein, any Juristic Person or any agent of said Juristic Person, hereinafter jointly and severally "User," consents and agrees in any use of BRENDA–BURTON BIDAURE other than authorized use as set forth herein or, following Brenda-Burton: Bidaure's NOTICE BY WRITTEN COMMUNICATION/SECURITY AGREEMENT constitutes User's indirect agreement or consent or confession of judgment of unauthorized use of said trade-name/trade-mark, contractually binds User, and signifies that User: (1) grants Secured Party a security interest in, and a distress warrant or lien against User's property and interest in property in the sum certain amount

**TRUE and CORRECT COPY**

# EXHIBIT  3

## TRUE AND CORRECT COPY:

### RECORDED IN RIVERSIDE COUNTY RECORDER OFFICE

### AND SECRETARY OF STATE IN CALIFORNIA (UCC)

### DECLARATION OF ACCEPTANCE
### LAND PATENT  ( PARTIAL COPIES )

# Exhibit # 2

# DECLARATION
# OF
# ACCEPTANCE

**TRUE and
CORRECT COPY**



2008-0563404
10/21/2008 08:00A
12 of 52

Recording requested by:
Brenda-Burton: Bidaure
4916 Westmont Street,
Riverside, California [92507]

and when recorded, please return this deed and
tax statements to:

Brenda-Burton: Bidaure
C/O Non-Domestic 13024 Empty Saddle Court
Near Corona, California [92863]
North America

Use the above mailing location EXACTLY as

# DECLARATION OF ACCEPTANCE
## OF LAND PATENT ASSIGNMENT
### UNITED STATES OF AMERICA Land Patent Document # 18 & 1517

KNOWN ALL MEN BY THESE PRESENTS: That, Brenda-Burton: Bidaure (a sovereign Woman) , does hereby certify and declare as follows: That he accepts the assignment of all Rights pertaining to the described Land and property including but not limited to the Land Patent secured rights within the United States of America.( Land Patent Document # 18 & 1517)

(1) The Land Patent Secured Land: The Character of said Land and property so secured by said Land Patent, together with all the rights, privileges, immunities and appurtenances of whatsoever nature thereunto belonging, is here legally described and referenced as:

"Those portions of land within Township Two south(T2s);  Range four west(R4w), Sections 29&32; San Bernardino Base Meridian within the lot 24 Tract No. 32820, as shown by Map on file in Book 411, Pages 11 through 18, inclusive, of Maps, Records of Riverside county, State of California."

(2) NOTICE AND EFFECT OF A LAND PATENT. "A grant of land (Land Patent) is a public law standing on the statue books of the State, and is notice to every subsequent purchaser under any conflicting sale made afterward." Wineman v. Gastrell, 53 FED 697 , 2 U.S. App. 581.  A patent alone passes title tot he Grantee: Wilcox v. Jackson, 12 PET (U.S.) 498, 10 L.Ed. 264.  All questions of fact decided by the General Land Office are binding everywhere and injunctions and mandamus proceedings will not lie against it. Litchfield v. Register, 9 Wall (U.S.) 575, 19 L.Ed. 681.

Where the United States has parted with title by a patent legally issued and upon surveys legally made by itself and approved by the proper department, the title so granted cannot be impaired by any subsequent survey made by the government for its own purposes: Cage v. Danks, 13 L.A. ANN. 128.

(3) LAND TITLE AND TRANSFER. The existing system of land transfer is a long and tedious process involving the observance of many formalities and technicalities, a failure to observe any one of which may defeat title, even where these have been traced to its source, the purchaser must but at peril, there always being, in spite of the utmost care and expenditure, the possibility that his title may turn out bad: Yeakle, Torrens System 209.

If said assignment of related Land Patent is not properly challenged within sixty days (60), in a court of law, it stands as a certainty, because no other party has followed the proper steps to secure lawful title. The final certificate or receipt acknowledging the payment in full by a homesteader or Preemptor is not in legal effect a conveyance of land. U.S. v. Steenersen, 50 FED 504, 1 CCA 552, 4 U.S. App. 332

Wherefore, said Land Patent secured Rights stand as assigned forever secured in accord with the terms set in said Land Patent signed and sealed under the signature of the President of the United States of America.

Signed: _____ All Rights Reserved    Signed: _N/A_ _____ All Rights Reserved
Brenda-Burton: Bidaure (a sovereign Woman)

Date: 9/26/08    Signature: _____

Date: 9/26/08    Signature: _____

State of California
County of _____

On _____ before me, _____ (name and title of the officer), personally appeared _____ , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the Sate of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.
Signature _____    (Seal)

## TRUE and
## CORRECT COPY



2008-0563484
10/21/2008 08:00A
13 of 57

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _San Diego_ }

On _9/26/08_ before me, _Cesar S. Soriano, Notary Public_
Date                              Here Insert Name and Title of the Officer

personally appeared _Brenda Burton Bidaure_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                    Signature of Notary Public

[Notary Seal: CESAR S. SORIANO / COMM. #1571695 / Notary Public-California / SAN DIEGO COUNTY / My Comm. Exp. April 22, 2009]

Place Notary Seal Above

---

**OPTIONAL**

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Declaration of Acceptance_

Document Date: _9/26/08_                    Number of Pages: _1_

Signer(s) Other Than Named Above: _N/A_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Brenda Burton Bidaure_
☑ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _N/A_
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827



2008-6563484
10/21/2008 08:00A
14 of 57

**TRUE and CORRECT COPY**

# Exhibit # 6

# LAND PATENT

2008-9563404
18/21/2008 08:00A
25 of 57

TRUE and
CORRECT COPY

# THE UNITED STATES OF AMERICA
## To To all to whom these Presents shall come Greeting:

**Whereas, There has been deposited** in the General Land Office of the <u>United States</u> <u>a Certificate</u> of the Register of the Land Office at Los Angeles California _____ _____, whereby it appears that pursuant to the Act of Congress approval 20th day 1862. "To secure Homesteads to actual Sellers on the Public Domain" and the acts supplemental thereto the claim of Elizabeth Dodge _____ has been established and duly consummated, in comformity to law for the South East Quarter of the North East quarter and the East half of the South East quarter of Section Thirty two in Township two south of Range four West, of San Bernardino Meridian in California containing one hundred and twenty acres according to the Offical Seal of the surety of said Land returned to the general land office by the Surveyor General.

**Now Know ye,** that there is, therefore, granted by the United States unto the said **Elizabeth Dodge,** The tract of Land above described: **To have and to Hold** the said tract of Land with the appurtenances thereof, unto said **Elizabeth Dodge** and to her heirs and assigns forever, subject to any vested and accrued water rights for mining, agriculture, Manufacturing, or other purposes, and rights ditches and reservoirs used in connection with such water rights as may be recognized and acknowledged by the local customs, laws and decisions of courts, and also subject to the right of the proprietor of a vein or lode to extract and remove his ore therefrom; should the same be found to penetrate or intersect the promises hereby granted, as provided by law.

*In testimony whereof, I Benjamin Harrison, president of the United of America,* have caused theses letters to be made Patent and the Seal of the General Land Office to be hereunto affixed.

Given under my hand at the City of Washington this Sixteenth day of April in the year of our Lord and thousand one thousand eight hundred ninety two and of the Independence of the United Sates the one hundred and Sixteenth.

**By the President: Benjamin Harrison**
**By M. M. Kern** _____ Secretary

<u>**D.P. Roberts . Recorder of the General Office**</u>



2008-0563404
10/21/2008 08:00A
27 of 57

**TRUE and CORRECT COPY**



# The United States of America

**To all to whom these Presents shall come, Greeting:**

Whereas, There has been deposited in the General Land Office of the United States a Certificate of the Register of the Land Office at _Los Angeles California_, whereby it appears ... approved 20th May, 1862, "To secure Homesteads to actual ... _Elizabeth_ ...

... out South of Range ... dian in California, Containing One ... and twenty acres ...

according to the Official Plat of the survey of said Land, returned to the General Land Office by the Surveyor General.

Now know ye, that there is, therefore, granted by the United States unto the said _Elizabeth Dodge_ the tract of Land above described; To have and to hold the said tract of Land, with ... unto the said _Elizabeth Dodge_ ... and her heirs and assigns forever ... the right of the proprietor of a vein or lode to extract and remove his ore therefrom ... be found to penetrate or intersect the premises hereby granted, as provided by law.

In testimony whereof, I, _Benjamin Harrison_, **PRESIDENT OF THE UNITED STATES OF AMERICA**, have caused these letters to be made Patent, and the Seal of the General Land Office to be hereunto affixed.

Given under my hand, at the City of Washington, the _Sixteenth_ day of _April_ in the year of our Lord one thousand eight hundred and _ninety two_ and of the Independence of the United States the one hundred and _sixteenth_.

By the President: _Benjamin Harrison_

By _M. M. L..._

_D. P. Roberts_, Recorder ...

CERTIFIED TO BE A TRUE COPY
CERTIFYING OFFICER
PUBLIC INFORMATION SECTION
CALIFORNIA STATE OFFICE
BUREAU OF LAND MANAGEMENT

OCT 0 1 2008

2008-8563484
10/21/2008 08:00A
26 of 57

SEP 22 2008

CERTIFIED TO BE A TRUE COPY
CERTIFYING OFFICER
PUBLIC INFORMATION SECTION
CALIFORNIA STATE OFFICE
BUREAU OF LAND MANAGEMENT



# EXHIBIT  4

## TRUE AND CORRECT COPY:

**COPY OF CONFIRMATION**

**NOTICE OF BANKRUPTCY FILING**

**CASE No.: 6:12-bk-35577-DS**

# Transmission Log

Wells Fargo Bank, NA          Thursday, 2012-11-15   09:32              9516868301

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
| ---- | ---- | ---- | ----- | ------ | ----- | ------------------- | --- | ------ |
| 2012-11-15 | 09:31 | SCAN | 04788 | 0:38 | 14400 | 19726436699 | 2 | OK -- V.17 AR30 |

---

**WELLS FARGO**

## Fax Cover Sheet

**PAGES SENT (includes this cover sheet)**
2

**DATE**
11/15/2012

**TO**
DEFAULT

**TELEPHONE**                                    **FAX**
                                                 972-643-6699

**FROM**
BRENDA BIDAURE

**TELEPHONE (Required)**                         **FAX**

**SUBJECT**

**MESSAGE**
LOAN 7080073965527

*This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error or wish to discontinue receiving faxes, please notify us immediately by telephone at the number listed above. Thank you.*

## TRUE and CORRECT COPY

CCM2307 (1-07 11534SFO)

United States Bankruptcy Court
Central District Of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 11/15/2012 at 09:08 AM and filed on 11/15/2012.

**FILED**

**11/15/2012**

**Brenda B Bidaure**
4916 Westmont St
Riverside, CA 92507
SSN / ITIN: xxx-xx-3122

The bankruptcy trustee is:

**Rod (DS) Danielson (TR)**

3787 University Avenue
Riverside, CA 92501
(951) 826-8000

The case was assigned case number 6:12-bk-35577-DS to Judge Deborah J. Saltzman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 3420 Twelfth
Street,, Riverside, CA 92501-3819.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy**
**Court**

## TRUE and
## CORRECT COPY

# EXHIBIT  5

**TRUE AND CORRECT COPY:**

**TRUSTEE'S DEED UPON SALE**

 ∿    .

RECORDING REQUESTED BY:

AND WHEN RECORDED TO:
Wells Fargo Bank, N. A.
3476 Stateview Boulevard, Fort Mill, SC 29715

Forward Tax Statements to
the address given above

DOC # 2012-0561235
11/20/2012 01:18 PM Fees: $18.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: TVERBA

_____

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 9980-9117                    TSG Order #: 89731

## TRUSTEE'S DEED UPON SALE

A.P.N.: 253-381-009-5               Transfer Tax: $0.00

The Grantee Herein **was** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **589,337.18**
The Amount Paid by the Grantee was **460,000.00**
Said Property is in the City of **RIVERSIDE**, County of **Riverside**

**NBS Default Services, LLC**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT and CONVEYS** without covenant or warranty, express or implied, to: **HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-AR7** (herein called Grantee) but without covenant or warranty, expressed or implied, to the property situated in the county of **Riverside**, State of California, described as follows:

**LOT 24 OF TRACT NO. 32820 IN THE CITY OF RIVERSIDE, COUNTY OF RIVERSIDE AS SHOWN BY MAP ON FILE IN BOOK 411 PAGES 11 THROUGH 18 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.**

This deed is made pursuant to the powers, including the power of sale conferred upon Trustee (or to Successor Trustee) by the Deed of Trust dated **09/20/2007** made to **BRENDA BIDAURE, A SINGLE PERSON**, and recorded on **09/25/2007**, in the office of the County Recorder of **Riverside** County, California, as **Document No.: 2007-0601232, Book No.: -, Page No.: -,** Trustee (or Successor Trustee) having complied with all applicable statutory provisions and having performed all of his duties under the said Deed of Trust.

All requirements per law and of said Deed of Trust relating to this sale to notice thereof having been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **11/15/2012,**

TDUS                                1                                2146870378

**TRUE and
CORRECT COPY**

# EXHIBIT  6

## TRUE AND CORRECT COPY:

### POSTED NOTICE FROM COLDWELL BANKER,
### REALTOR AGENT (PREMIERE ASSET SERVICES)

# PREMIERE

*Please call me. The bank requires tha: I post notices until you call me.*

*Thankyou FLIP Tyler*

Date: 11/21/2012

Dear Occupant,

Wells Fargo Bank, N.A. doing business as Premiere Asset Services, in its capacity as mortgage loan servicer and on behalf of the title holder of record, completed a foreclosure or deed in lieu of foreclosure proceeding on the property located at: 4916 WESTMONT ST, RIVERSIDE, CA, 92507, Unit Number: N/A. If you are the former owner or a tenant currently occupying the property and are over the age of 18, please read the information provided below to help you make an informed decision about your options. Please contact Flip Tyler within five (5) business days to discuss and share your option preference.

**Option #1 – Financial Relocation Assistance Option** (Available to Former Owner and Tenants)
As the former owner (mortgagor) or current renter of this property, you may be eligible for financial relocation assistance to help cover expenses associated with moving. To be eligible, you must vacate the property within the agreed time frame. You must leave the property in broom-swept condition. Certain restrictions do apply. Contact Flip Tyler for more information.

**Option #2 – Continue to Lease Option** (Available to Tenants Only)
Premiere Asset Services may honor a current written lease, entered into prior to the date of the complete transfer of title provided the lease meets certain eligibility requirements. A copy of the lease should be provided to Flip Tyler for consideration. The property will be listed for sale and shown according to the terms of the lease. However, in the event the property is sold to a third party who intends to occupy the house as a primary residence, you may receive a notice to vacate the property within ninety days (90) from the new owner/occupant. If the purchaser does not intend to occupy the property as a primary residence, your current lease should be honored by the new owner.

**Option #3 – 90 Day Notice** (Available to Tenants Only)
If you are unable or unwilling to provide a copy of the lease within 10 business days of the date of this letter, you will receive a notice to vacate the property within 90 days of the effective date of that notice. You may have already received a notice to vacate which supersedes this letter.

**Option #4 – Purchase Property** (Available to Tenants Only)
If you are interested in purchasing this property, please contact the listing agent. You may also contact Mark Angotta (NMLSRID: 448012) at 6198847878 to discuss your mortgage options.

**Contact Information**
Please contact Flip Tyler within five (5) business days to advise how you wish to proceed. If you are unable to reach the agent, you may also contact Premiere Asset Services at (877)305-8925. This document is not intended to cover all of the options you may have. You should seek advice from an attorney if you have any questions concerning your rights.
Flip Tyler
Coldwell Banker
1101 California Avenue, Corona, CA
Phone: 909-772-1921
Fax:

Sincerely,

Premiere Asset Services

**TRUE and
CORRECT COPY**



**FELICIA "FLIP" TYLER**
Realtor®
DRE= 01029964
**(909) 772-1921 CELL**
**(951) 280-5293 OFFICE**
**(951) 268-9412 FAX**
Flip.Tyler@camoves.com
1101 California Avenue #100
Corona, CA 92881
www.camoves.com/flip.tyler

**COLDWELL BANKER ▫**
RESIDENTIAL BROKERAGE



Owned And Operated By NRT LLC    MLS

© Copyright 2006 Premiere Asset Services. All Rights Reserved

# EXHIBIT  7

## TRUE AND CORRECT COPY:

### LETTER TO FLIP TYLER, WELLS FARGO BANK
### AND PREMIERE ASSET SERVICES

### NOTICE OF BANKRUPTCY FILING (BK PETITION)

DATE: NOV. 23, 2012


TO:  FLIP TYLER, COLDWELL BANKER AGENT
     WELLS FARGO, N.A. and PREMIERE ASSET SERVICES


  RE: BK CASE # **6:12-bk-35577-DS**


ACCOUNT NO:_ 0073965527
PROPERTY ADDRESS: 4916 WESTMONT ST.
                  RIVERSIDE, CA. 92507

  TS NO. 9980-9117

  Thank you for talking with you this morning 11/23/12. I received FEDEX letter from PREMIERE
ASSET SERVICES and the same letter you posted in my door with your business card on 11/21/12,
indicating four (4)Option Preferences to leave my home.

  As I have stated with Wells Fargo Home Preservation (Tigre Liechliter, Anthony Polito and Lindsay
Cooke), Foreclosure and Litigation Dept, Customer Service, CFO and CEO, NBS Default Services,
Trustee(Gaby Ospino, Les Poppit and numerous staff), my sincere and honest intention is to keep and
preserve my land and property, as the owner and holder of the Grant Deed. This statement remain the
same forever and as I have informed you on the phone conversation @0956 Nov. 23, 2012.
Furthermore, 4916 Westmont Street, Riverside, California 92507, now belongs to CROWN JEWEL
LAND TRUST, Oct. 19, 2012, and whereby a QUITCLAIM DEED was filed and recorded at Riverside
County Recorder on Oct. 22, 2012. Wells Fargo Foreclosure and NBS were notified via fax, certified
mail on Oct. 31, 2012.

  **I have filed a Chapter 13, Bankruptcy on Nov. 15, 2012 @0908 at the US Bankruptcy Court,
Central District Court of California.** It is my intention to pursue this unlawful foreclosure through
legal and litigation proceedings. Thank you for your cooperation and attending to this matter


Sincerely,

_Brenda B. Bidauré_        Nov· 2 5, 2012

Brenda B. Bidauré
Authorized Representative
Without Prejudice

**TRUE and
CORRECT COPY**

See attached BK Petition

United States Bankruptcy Court
Central District Of California

**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 11/15/2012 at 09:08 AM and filed on 11/15/2012.

**FILED**

**11/15/2012**

**Brenda B Bidaure**
4916 Westmont St
Riverside, CA 92507
SSN / ITIN: xxx-xx-3122

The bankruptcy trustee is:

**Rod (DS) Danielson (TR)**

3787 University Avenue
Riverside, CA 92501
(951) 826-8000

The case was assigned case number 6:12-bk-35577-DS to Judge Deborah J. Saltzman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 3420 Twelfth
Street,, Riverside, CA 92501-3819.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy**
**Court**

**TRUE and**
**CORRECT COPY**

# EXHIBIT  8

## TRUE AND CORRECT COPY:

## DOCUMENTS SUBMITTED TO

## NBS AND WELLS FARGO BANK, N.A.

A. RESPA QWR
B. LETTER OF NOTICE OF QUITCLAIM DEED
C. LOAN MODIFICATION
D. LETTER OF DISPUTE
E. LETTER OF REQUEST TO TRUSTEE ATTORNEY

*Brenda Burton Bidaure*
*P.O. Box 77191*
*Corona, California 92877*


DATE: AUGUST 03, 2012

<u>Certified Return Receipt Mail/Return Receipt Requested</u>


**Wells Fargo Bank, N.A.**
**3476 Stateview Blvd.**
**Fort Mill, SC 29715**
**Attention: Sean C. Lindsay**
**VP of Loan Documentation**
USPS Certified Mail No.: 7011 2970 0003 8614 3994


**Wells Fargo Bank, N.A.**
**c/o NBS Default Services, LLC**
**301 E. Ocean Blvd. Suite1720**
**Long Beach, CA 90802**
**Attn: Foreclosure Dept.**
**By: Gaby Ospino/Lauren Compise**
USPS Certified Mail No.:7011 2970 0003 8614 3970


RE:    Borrower: Brenda Burton Bidaure
       Loan Number: 0073965527
       Deed of Trust Instrument No.:2007-0601232
       Property Address: 4916 Westmont Street
                   Riverside, California 92507

RE: NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
    TS No.: 9980-9117

**RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT &**
**VALIDATION OF DEBT LETTER**

Dear Sir/Madam:

This is my response to you in re: Letter of NOD and Election to Sell under the Deed of Trust from NBS Default Services, LLC and the NOTICE OF DEFAULT DECLARATION, from Sean C Lindsay, VP of Loan Documentation, Wells Fargo, N.A. **The statement that borrower has**

Wells Fargo Bank, N.A.  Loan # 0073965527
August 03, 2012    Page 1  of 8

USPS Certified Mail No.
7011 2970 0003 8614 3994

**TRUE and**
**CORRECT COPY**

been contacted by the beneficiary/Sean Lindsay to assess the borrower's financial situation and explore options to avoid foreclosure, by telephone or in person, under penalty of perjury under the laws of the State of California that the foregoing is true and correct, is false, signed on 05/11/12, by Sean C Lindsay. No one from Wells Fargo, N.A. nor Sean C Lindsay nor NBS Default Services, LLC has contacted me, except for these above letters, dated July 11, 2011 and received by me Aug. 03, 2012. Based on this, the beneficiary and Trustee, Sean C. Lindsay had just committed perjury. Having said that, please continue to read this letter. I am writing to you to complain about the accounting and servicing of my mortgage, and my need for understanding and clarification of various charges, credits, debits, transactions, actions, payments, analyses, and records related to the servicing of my loan from its inception to the present date. I am also concerned about the transfer of rights or ownership under my promissory note. This letter is designed to assist me prior to seeking the involvement of an attorney. As such, please treat this letter as a **"Qualified Written Request"** dispute and request for information under the Real Estate Settlement Procedures Act, codified as Section 2605 (e) of Title 12 of the United States Code. As you may know, RESPA provides substantial penalties and fines for non-compliance or answers to my questions provided in this letter within sixty [60] days.

Due to the recent mortgage market meltdown and your involvement in this market, I am concerned that my loan payments have not been properly credited, amortized, calculated, and serviced properly. I am also concerned with the ownership of my promissory note; to whom my actual obligation is owed to; who is my actual lender; and WELLS FARGO BANK, N.A., authority to collect payments and/or negotiate the purchase/repurchase of my promissory note from my actual lender. I am also concerned about the nature and extent of your current authority and current plans to modify this mortgage loan by reducing the amount owed, reducing the annual percentage rate, and extending the term.

The meltdown of the mortgage market and the effects of any financial manipulation may have affected the current amount you claim I owe as the principal balance due on my loan which may not be correct, may not have been properly amortized and/or may have in fact been previously paid by either the government or insurance. In addition, I am concerned that my escrow payments and/or my monthly payments may have been adversely affected and that they may be paying more than what they owe or less than is necessary to properly amortize my mortgage over its term.

**Upon receipt of this letter, please refrain from reporting any negative credit information regarding this loan to any credit reporting agencies until you fully respond to the "requests" in this letter. Please note that this duty is imposed by RESPA and I will take legal action if you fail to comply therewith. I would also request that any foreclosure proceedings be stayed until this information has been provided.**

Due to the current economic climate, I am exploring various options to protect my property and finances. Our home is a very important and a valuable asset to us that we desire to protect. Please do not infer any negative connotation by my letter, but the industry-wide practices employed in recent years trouble me, and I am seeking information to not only alleviate my

**TRUE and
CORRECT COPY**

DATE: OCTOBER 31, 2012


FROM: Brenda Burton Bidaure, TRUSTEE/GRANTOR
for CROWN JEWEL LAND TRUST

4916 Westmont Street,
Riverside, California 92507



MAILED COPIES  ON OCTOBER 31, 2012 TO:


1.  WELLS FARGO, N.A. FORECLOSURE DEPT.
~~Return Mail Operations~~  *MAC IDW X2302-04E*
P.O. Box ~~10368~~ *10335 IN WRITTEN CORRESPONDENCE*
Des Moines, IA 50306-~~0368~~
*FAX # 1-866-278-1179 — FAXED OCT. 31, 2012*

2.  NBS DEFAULT SERVICES, LLC
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802

RE: TRUSTEE SALE NO. 9980-9117, TS DATE: NOV. 15, 2012
PROPERTY ADDRESS: 4916 WESTMONT STREET,
RIVERSIDE, CA. 92507
ACCOUNT NO: 0073965527

1.  THIS COVER SHEET-----1 PAGE
2.  LETTER OF NOTICE OF QUITCLAIM DEED---1 PAGE
3.  TRUE AND CORRECT COPY OF  NOTARIZED AND RECORDED
COPY QUITCLAIM DEED---2 PAGES
4.  TRUE AND CORRECT COPY OF NOTARIZED ANDRECORDED
COPY OF DECLARATION OF ACCEPTANCE OF LAND PATENT--
-- 9 PAGES
5. COPY OF SUBSTITUTION OF TRUSTEE AND NOTICE OF
TRUSTEE SALE WITH "REFUSED FOR CAUSE" RED STAMP
-- 7 PAGES
TOTAL OF PAGES MAILED---- (20) TWENTY COPIES


THANK YOU,

Brenda Burton Bidaure, TRUSTEE/GRANTOR
for CROWN JEWEL LAND TRUST

**TRUE and
CORRECT COPY**

Date: October 31, 2012


From: Brenda Burton Bidaure, Trustee/Grantor
    for CROWN JEWEL LAND TRUST
    4916 Westmont Street
    Riverside, California 92507
    Mailing Address:
    P.O. Box 77191
    Corona, California 92883

To:  NBS Default Services, LLC
    301 E. Ocean Blvd., Suite 1720
    Long Beach, CA 90802
    Attn: Gaby Ospino
        Jamie Harmon
    Phone #: 1-800-766-7751
    USPS Certified Mail: 7012 2210 0001 2717 8715


    Wells Fargo Home Mortgage/Wells Fargo, N.A.
    Foreclosure Department ~~ATTN: WRITTEN CORRESPONDENCE~~
    ~~Return Mail Operations~~ _MAC IDA X2302- 04E_
BB  ~~P.O. Box 10368~~ _P.O Box 10335_
    Des Moines, IA 50306 ~~0368~~ _DES MOINES, IA 50306_
    _FAX # 1- 866-278-1179_
    USPS Certified Mail: 7012 2210 0001 2717 8722

**RE: TS NO.: 9980-9117, Property Address: 4916 Westmont Street, CA.**
    **92507, Trustee Sale Date and Time: November 15, 2012 at 09:00 AM**

        **A Letter of Notice to notify you that the property address 4916 Westmont Street, California 92507, belongs to CROWN JEWEL LAND TRUST, and Brenda Burton Bidaure, as the Trustee/Grantor of CROWN JEWEL LAND TRUST.** This Notice is mailed via Certified Mail, October 31, 2012 to NBS Default Services, LLC in Long Beach and to Wells Fargo Home Mortgage/Wells Fargo, N.A., Foreclosure Dept. with a notarized copy of the recorded QUITCLAIM DEED, recorded on October 22, 2012 at the Riverside Assessor- County Clerk & Recorder, Riverside County, state of California.

        Please mail any correspondence addressed to CROWN JEWEL LAND TRUST. Thank you for your attention and appropriate action to cancel the Trustee sale date and to this matter.


        By: _____

        Brenda Burton Bidaure, Trustee/Grantor
        CROWN JEWEL LAND TRUST


Enclosures:
True and Correct Copy of Notarized and Recorded Documents
of Declaration of Acceptance, Land Patent, Certification: See Attached for Clarity,
on October 21, 2008 at the Riverside Assessor-County Clerk & Recorder,
Riverside County, state of California.

**TRUE and
CORRECT COPY**



NOV. 13, 2012

TO: WELLS FARGO HOME Mortgage
ATTN: ANTHONY Polito
RE: Acc# 0073965527

As we have spoken last Friday, NOV.09,2012
I'm faxing you the following documents you have
requested after Mrs. Lindsay Cooke had referred
me to you to be my Home Preservation Specialist.
Thank you.

Your Fax # 1-866-359- ~~███~~ 7234

Documents Faxed:

1. California Monitor Program          1 page
   (Calif. Attorney General)
2. Hardship Letter                     1 page
3. Monthly expenses                    1 page
4. Written Statement 2011 Income Tax   1 page
   Return Not filed yet
5. Form 4868 Extension to File         1 page
6. Form 4506T-EZ                       1 page
7. Form 1040 2010                      17 pages
8. Pay stubs - 3                       3 pages
9. Sept. 2012 Bank Statement           9 pages
10. Oct. 2012 Bank Statement           10 pages
                                       _____
                                       45 pages

Total # of pages including this page  (46) pages

I have spoken with Todd Harris (~~1-877~~ 1-877-311-3581)
to inform him and Wells Fargo that I will be
faxing these documents. Thank you

Trustee Sale is Nov. 15, 2012 - I request to postpone
and or cancel the TS to move forward to keep my
home. Thank you.                    _____ 11/13/12

TRUE and
CORRECT COPY

Thank you •

Your Fax # 1-866-359-~~7234~~ 7234

Documents Faxed:

1. California Monitor Program                              1 page
   (Calif. Attorney General)
2. Hardship Letter                                        1 page
3. Monthly expenses                                       1 page
4. Written Statement 2011 Income Tax                      1 page
          Return Not filed yet
5. Form 4868 Extension to File                            1 page
6. Form 4506T-EZ                                          1 page
7. Form 1040 2010                                         17 pages
8. PayStubs - 3                                           3 pages
9. SEPT. 2012 Bank Statement                             9 pages
10. OCT. 2012 Bank Statement                             10 pages
                                                         _____
                                                          45 pages

Total # of pages including this page  (46) pages

I have spoken with Todd Harris (~~1-877~~ 1-877-311-3581)
to inform him and Wells Fargo that I will be
faxing these documents. Thank you

Trustee Sale is Nov. 15, 2012 — I request to postpone
and or cancel the TS to move forward to keep my
home . Thank you.                    Fred Pfrene   11/13/12
                        Authorized Representative, W/o Prejudice

**TRUE and
CORRECT COPY**

TRANSMISSION OK

JOB NO.                         1691
DESTINATION ADDRESS   18663597234
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME              11/13 18:25
USAGE T                     00,48
PGS.                           46
RESULT                         OK

*********************
***   TX REPORT   ***
*********************

Brenda Bidaure
P. O. Box 77191
Corona, California [92877-0106]
hereinafter referred to as "Account Holder"

**November 13, 20012**


NBS Default Services, LLC-hereinafter referred to as "Collector"

301 E. Ocean Blvd. Suite 1720, Long Beach, CA 90802


WELLS FARGO, hereinafter referred to as credit provider

P. O. Box 10368, MAC ID # X2302-04E, P. O. BOX 10335, Des Moines, IA 50306

**VIA:**   Certified Mail Return Receipt # 7012 1010 0003 3401 5174

**RE:**   DISPUTE OF PURPORTED DEBT, DEBT COLLECTION NOTICE DATED October 29, 2012.
hereinafter referred to as "Claim"

   **Account #** *0073965527-708*, hereinafter referred to as "Account"


Dear Sir, Madam:

This Notice and Demand constitutes timely written notice in response to the above Claim. This
Notice is not a refusal to pay a debt. This Notice from the Account Holder disputes the entire
amount of the purported debt because of various violations pursuant to Law of Contract,
Rescission, "TILA", Truth in Lending Act and other, that relate specifically to the mortgage
lending process, including:

1. Early and Final Regulation Z Disclosure Requirements
2. Disclosure Requirements for ARM Loans and
3. Right of Rescission

Until the requirements of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), as
stated in 15 USC 1692g have been met, the First Mortgage Corporation has no jurisdiction to
continue any collection activities and is prohibited from filing any notice of lien, levy or
foreclosure. In fact, the Account Holder is under no obligation to respond, even to a complaint,
until the Debt Collector responds with the requested information, as affirmed in ***Pablo
Martinez v. Law Offices of David J. Stern***, 266 B.R. 523, United States Bankruptcy Court,
S.D. Florida. Further, pursuant to the FDCPA, as the Collector is merely an "agency," or
board, acting on someone else's behalf, this is a demand that the Collector provide the name
and address of the **original** "principal" and current "holder" for whom the Collector is
attempting to collect this purported debt, together with the Collector's affidavit of assignment,
power of attorney, and verification of license, oath and bond.

Therefore, pursuant to the FDCPA, the Collector is hereby requested to have an authorized
officer or agent execute the attached **Affidavit of Verification of Purported Debt** as the
**sworn verification** of the above cited purported debt, and mail such verification **within 20**

Non-Negotiable, Non-Transferable Notice of Dispute of Purported Debt and Demand to Cease and Desist Collection Activities
Prior to Validation of Purported Debt

**TRUE and
CORRECT COPY**   Page 1 of 4

# Transmission Log

| Wells Fargo Bank NA | | | | Tuesday, 2012-11-13   17:31 | | | | 6193361238 | |
|---|---|---|---|---|---|---|---|---|---|

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2012-11-13 | 17:27 | SCAN | 00946 | 4:07 | 14400 | 18662781179 | 11 | OK -- V.17 AM31 |

Nov. 13, 2012

From: Brenda B. Bidaure

RE: Acct # 0073965527

Fexed to:

1). Wells Fargo - Foreclosure Dept
   ✱ 1-866-278-1179  - Fax #
      MAC ID# X2302-04E
      P.O Box 10335
      Des Moines, IA 50306

2). NBS Default Services, LLC
   ✱ Fax # 972-643-6699
      attn: Broderick  Id# 6907

Total 11 pages

Thank you,

Brenda B. Bidaure
Authorized Representative
Without Prejudice

## TRUE and CORRECT COPY



Transmission Report

```
Date/Time        : 11/14/12 19:56
Personal Number : 9517761831
Personal Name   :

Transmission Information
```

| Start Time | Distant Station | TtlTime | Pages | Mode | Result | Comm. Contents |
|---|---|---|---|---|---|---|
| 11/14 19:48 | 19726436699 | 6'49" | 23/23 | G3 | NrmlEnd | |

Document transmission is complete.

NOV. 14, 2012    FAX# 1972-643-6699

※ Please give This to Trustee attorney first
    thing in the morning NOV 15, 12
To: WELLS FARGO BANK, N.A    to postpone
    NBS DEFAULT SERVICES, LLC    TS date.
                              thank you
                                        pm
ATTENTION: ATTORNEY(s) FOR WELLS FARGO
                          BANK N.A
※ STATEMENT OF FACTS    or MICHAEL LEE (ATTORNEY)

1) I am rejecting the QUITCLAIM DOCUMENTS DEED
   I faxed and mailed to your office on Oct. 31, 2012
   and confirmed receipt on Nov. 02, 2012 by Vanessa employee 027
   and confirmed hereafter by several agents I have spoken
   to.

2) I have sent QWR on or about Sept 2012 and
   have not received up to date response from Wells Fargo
   Pursuant to Fair Debt Collection Act, you are hereby to
   comply. Non-compliance is a serious violation.
   I have sent validation of debt previous months but were
   ignored by Wells Fargo.

3) I sent/faxed on Nov. 13, 2012 Dispute of of Purported Debt
   (validation of debt). Responded if its 2 days before
   T S date - Nov. 15, 2012, again, pursuant to FDCA, you have
   to comply to the Request. and to cancel the Trustee Sale
   Date/Foreclosure Date in order for me to review other
   options and alternatives and work on them to keep my home
   and property. It is my intention to preserve the interest
   of my home and keep my home, forever.
                                    Thank you,
Date: Nov. 14, 2012   (TOTAL 23 pages)   Authorized Representative
Faxed Nov. 14, 2012                        Without Prejudice
   Acct# 0073965527

Acct# 0073965527

TRUE and
CORRECT COPY

DOC # 2012-0503331
10/22/2012

RECORDING REQUESTED BY:
WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO:
NAME: CROWN JEWEL LAND TRUST
Attn:   Brenda Burton Bidaure
Mailing Address:
4916 Westmont Street
Riverside, California 92507

Customer Copy Label
The paper to which this label is
affixed has not been compared
with the filed/recorded document

Larry W Ward
County of Riverside
Assessor, County Clerk & Recorder

## QUITCLAIM DEED

Date of this Document: Underline October 19, 2012        Grantee(s):  CROWN JEWEL LAND TRUST
Grantor(s): Brenda Burton Bidaure               Street Address: 4916 Westmont Street
Street Address: 4916 Westmont Street             City/State/Zip:  Riverside, California 92507
City/State/Zip: Riverside, California 92507

THIS QUITCLAIM DEED executed this 19th day of October 2012 by Brenda Burton Bidaure,  Grantor/Trustee for no consideration ($ 0.00), does hereby remise, release and quitclaim to CROWN JEWEL LAND TRUST, all the right, title, interest and claim, which the grantor has in and to the following described real estate property situated in the County of Riverside, State of California.

Legal Description: :APN: 253-190-002-8 Unseg
Lot 24 of Tract No. 32820 in the city of Riverside, County of Riverside as shown by Map on file in Book 411 pages 11 through 18, inclusive, of Maps, Records of Riverside County , California,  being those portions of land within Township Two South(T2s); Range four west(R4w); Sections 29 & 32; San Bernardino Base Meridian. A.P.N. # 253-190-002-8 TRA:009-009. Instrument No. 2007-0601231. Commonly known as: 4916 Westmont Street, Riverside, California 92507

Assessor's Property Tax Parcel # :APN: 253-190-002-8 Unseg
Dated: October 19, 2012

Grantor(s) Signature

Brenda Burton Bidaure
Type or Print Name

STATE OF CALIFORNIA      )
                         )SS:
COUNTY OF Riverside      )

On October 19, 2012, before me _____, Notary Public personally appeared Brenda Burton Bidaure, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledge to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary Public
Commission Expires: _____/_____/_____

**TRUE and
CORRECT COPY**

Seal

0073965527

**TRUE and
CORRECT COPY**

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Riverside_ }

On _October 19th, 2012_ before me, _Rudy P. Paramo, Notary Public_,
_Date_                    _Here Insert Name and Title of the Officer_

personally appeared _Brenda Burton Bidawe_
_Name(s) of Signer(s)_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _[signature]_
                    _Signature of Notary Public_

**RUDY P. PARAMO**
COMM. #1855656
NOTARY PUBLIC - CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires Jun. 28, 2013

Place Notary Seal Above

---

### OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Quitclaim Deed -APN: 253-190-002-8_

Document Date: _October 19th, 2012_                    Number of Pages: _1_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907    Reorder: Call Toll-Free 1-800-876-6827

0073965527

**TRUE and CORRECT COPY**    **TRUE and CORRECT COPY**

# EXHIBIT  9

## TRUE AND CORRECT COPY:

### LETTER OF NOTICE OF VIOLATION OF

### AUTOMATIC STAY AND RESCISSION OF SALE

Date:NOVEMBER 15, 2012



From:
Brenda Burton Bidaure
c/o P.O. Box 77191
Corona, CA 92877

To:
NBS Default Services, LLC
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Fax- 1-866-409-8011
Phone # 1-800-766-7751
USPS Certified mail No.7011 0470 0003 0747 3545

Wells Fargo Bank, N.A
MAC ID# X2302--04E
Des Moines, IA 50306-0368
1-800-868-0043
Fax # : 1-866-278-1179
USPS Certified Mail No.7012 1640 0002 0502 7713

Wells Fargo Home Mortgage
Michael S. Blau, Written Customer Contact
P.O. Box 10368
Des Moines, IA 50306-0368
1-877-491-0707 Ext 67382
USPS Certified Mail No. 7012 1640 0002 0502 7720

**Account # 708-0073965527**

### RE: VIOLATION OF AUTOMATIC STAY ( 11 U.S.C. § 362: U.S. Code-Section 362)
### RESCISSION OF TRUSTEE'S DEED UPON SALE

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPALNOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**

Dear  Mr. Michael S. Blau, NBS Default Services, LLC , Wells Fargo Bank N.A.:

**This is a Constructive Notice to rescind the Trustee Sale No. 9980-9117 on Nov. 15, 2012, to the property situated in the county of Riverside, State of California described as follows:**

<u>Lot  24 of Tract No. 32820 in the city of Riverside, County of Riverside as shown by Map on file in Book 411 pages 11 through 18, inclusive, of Maps, Records of Riverside County.</u>

Attached is the recorded ~~title holder of subject property.~~ *B/B Copy of the Bankruptcy Petition filed on Nov. 15, 2012,* Bank never respond to debt validation and QWR , Dispute of Purported Debt, sent on Feb. 2012, Aug. 03, 2012, Nov. 13, 2012, Nov 14, 2012, all requesting to cancel the scheduled Trustee Sale date. A Notice of QuitClaim Deed and requests to cancel the Trustee Sale date sent October 31, 2012 and Nov. 14, 2012. In addition, I, Brenda Burton Bidaure, have spoken with Lindsay Cooke and Antony Polito from the Home Preservation Team for a loan modification on Nov. 09, 2012, but all my efforts were denied on Nov. 14, and Nov. 15, 2012 by Anthony Polito.

This is a Constructive Notice that an illegal and unlawful foreclosure sale was committed. You have 72 hours to rescind the foreclosure, upon receipt of this notice sent via fax to the  fax

**TRUE and
CORRECT COPY**

numbers stated above and mailed USPS certified mail the same day, Nov 29, 2012. I intend to sue for full damages in violations of **11 USC § 362 (Violation of Automatic Stay and Bankruptcy Injunction)** after you have been notified and have received a copy of the Bankruptcy Petition., Case No.:6:12-bk-35577-DS, on Nov. 15, 2012 at 0931 (Pacific Time), confirmed and verified receipt by Gaby Ospino, Notary Public and Les Poppit,Officer and employee of NBS Default Services, LLC, hereafter, via fax 1-972-643-6699 and via phone call, 1-800-766-7751 with me, Brenda Burton Bidaure. Furthermore, I, Brenda Burton Bidaure, voluntarily, in good faith, have notified  Joel Pate (NBS Default Services, LLC), around 0852(Pacific Time) and Richard Cruz id# 58K, (Wells Fargo Foreclosure Dept.) around 0835 (Pacific Time) Nov. 15, 2012 of filing Bankruptcy , Chapter 13 at 0900 at the United States Bankruptcy, Central District of California. **Chapter 13 of the United States Bankruptcy Code was entered at 09:08 AM, on Nov. 15, 2012 and filed on Nov. 15, 2012, for voluntary bankruptcy protection. You have ignored the U.S. Bankruptcy Code and the LAW.**

**11 U.S.C. § 362(a) (3)** of the Bankruptcy Code, provides that "any act to obtain an advantage before seeking relief from the debtor is a direct act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is a violation of the automatic stay. In furtherance of the Law and and the Bankruptcy Code, The U.S. District Bankruptcy Court recently held that filing of a bankruptcy petition by a borrower can void a trustee sale even where the petition is filed after the trustee sale, so long as the borrower files the petition before the execution of the Trustee's Deed Upon Sale. The case is *In Re: Gonzales 2011 WL3328508 (Bkrtcy C.D.cal.).*

I have a reason to believe you cannot bind me and it is evidentiary under the Statutes of Frauds-1624 of the California Civil Code and in the UCC 2-201. I demand that that you provide me the receipt of the transfer of the Deed of Trust and the Promissory Note in to the Real Estate Investment Trust (REIT), statement and the tax return, REMIC and REIT as part of the Pooling and Servicing Agreement transfer if any in the first 30 day after closing pursuant to regulation governing **26 USC 856 § 856** concerning  foreclosure property.

Your statement shall indicate that the election is made under Section 856(e) and shall identify the property to which the election made. Also, since it was never transfer to the trust, you cannot hold it and negotiate it and cannot be the Holder in Due Course. I, Brenda Burton Bidaure, the homeowner own it and I am the Holder in Due Course. You continued with this violation of your recording of Trustee's Deed Upon Sale, I will file a legal actions against you for damages and irreparable harm that you have caused me. YOU HAVE BEEN WARNED. ACT ACCORDINGLY!!!!  *I, Brenda Burton Bidaure , certify under the penalty of perjury under the laws of California the foregoing is true and correct to the best of knowledge and belief*

Respectfully Submitted by:

_____  Nov. 15, 2012
Brenda Burton Bidaure, Legal Owner
Authorized Representative
Without Prejudice

**TRUE and
CORRECT COPY**

United States Bankruptcy Court
Central District Of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 11/15/2012 at 09:08 AM and filed on 11/15/2012.

**FILED**

**11/15/2012**

**Brenda B Bidaure**
4916 Westmont St
Riverside, CA 92507
SSN / ITIN: xxx-xx-3122

The bankruptcy trustee is:

**Rod (DS) Danielson (TR)**

3787 University Avenue
Riverside, CA 92501
(951) 826-8000

The case was assigned case number 6:12-bk-35577-DS to Judge Deborah J. Saltzman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 3420 Twelfth
Street,, Riverside, CA 92501-3819.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

Kathleen J. Campbell
Clerk, U.S. Bankruptcy
Court

**TRUE and
CORRECT COPY**

## PROOF OF SERVICE

**I, Rudy Espinoza,** do hereby declare that I am over the age of eighteen years and not a party to this adversary proceeding. On this date Dec.28, 2012, I served the following to wit:

**ADVERSARY COMPLAINT:**

**BRENDA B. BIDAURE, PLAINTIFF/DEBTOR**

**VS**

**WELLS FARGO, N.A., HSBC BANK, USA, NBS DEFAULT SERVICES, LLC, DEFENDANT/CREDITOR**

**COMPLAINT AND INJUNCTIVE RELIEF FOR:**

1. VIOLATION OF AUTOMATIC STAY (11 U.S.C § 362);
2. TO DECLARE THAT FORECLOSURE SALE OF REAL PROPERTY THAT IS A FRAUDULENT TRANSFER MAY BE AVOIDED [BFP v. Resolution Trust Corp., 511 U.S. 531, 545-546 (1994)];
3. TO DECLARE THAT DEBTOR MAY AVOID A TRANSFER [11 U.S.C. § 522];
4. TO DECLARE THAT FORECLOSURE SALE BY CREDIT BID IS PRESUMED TO BE COLLUSIVE;
5. TO DECLARE THAT PRICE IN FACT RECEIVED AT FORECLOSURE SALE IS PRESUMED TO BE ONE HUNDRED DOLLARS ($100) OR LESS WHEN NO TRANSFER TAX IS PAID [Cal.R&T § 11911];
6. TO AVOID ACTUALLY FRAUDULENT TRANSFER OF REAL PROPERTY [11 U.S.C. § 548(a)(1)(A)];
7. TO USE STRONG-ARM POWERS TO AVOID ACTUALLY FRAUDULENT TRANSFER OF REAL PROPERTY [11 U.S.C. §544, Cal.Civ.C. § 3439.04(A)(1)];
8. TO AVOID CONSTRUCTIVELY FRAUDULENT TRANSFER OF REAL PROPERTY [11 U.S.C. §548(a)(1)(B)];
9. TO USE STRONG-ARM POWERS TO AVOID CONSTRUCTIVELY FRAUDULENT TRANSFER OF REAL PROPERTY [ 11U.S.C. § 544, Cal.Civ.C. §§ 3439.04(A)(2), 3439.05]
10. TO RECOVER REAL PROPERTY AND QUIET TITLE THERETO [11 U.S.C. §§550, 551, 28 U.S.C. § 2201];
11. FOR AUTOMATIC TURNOVER OF REAL PROPERTY AND EJECTMENT [11 U.S.C. § 542, 1306];
12. TO DECLARE THAT RECOVERED REAL PROPERTY IS NOT SUBJECT TO SECURITY INTEREST [11 U.S.C. §552];13.
13. FOR INJUNCTIVE RELIEF [11 U.S.C.§ 105, 362];
14. DAMAGES; AND
15. COSTS

**by placing a copy of each applicable documents, with all exhibits in a separate envelope with contents in the first class Certified mail of the United States Postal Service, all sealed with postage fully paid thereon addressed to:**

```
    Wells Fargo Bank N.A.
    Written Correspondence
    P.O. Box 10335
    MAC ID # X2302-04E
    Des Moines, IA 50306-0368
USPS Certified Mail No.: 7012 2210 0001 2717 8746


    NBS Default Services, LLC
    301 E. Ocean Blvd. Suite 1720
    Long Beach, CA 90802
USPS Certified Mail No.: 7012 1010 0001 4393 8732
```

Attorneys for HSBC Bank USA, National Association as Trustee
For Wells Fargo Asset Securities Corporation,
Mortgage Asset-Backed Pass-Through Certificates
Series 2007-AR7
4375 Jutland Drive, Suite200
P.O. Box 1793
San Diego, CA 92177-0933
USPS Certified Mail No.: 7012 2210 0001 2717 8753

Executed in the Riverside county, California, United States Post
Office. I, declare under penalty of perjury under the laws of the
United States of America that the foregoing is true and correct.

Dated: December **28** , 2012     By: _____
Rudy Espinoza

**PROOF OF SERVICE**                                    2

FORM 104 (10/06)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br><br>BRENDA B. BIDAURE<br>PRO SE | **DEFENDANTS**<br>WELLS FARGO BANK, N.A.<br>HSBC BANK USA, N.A AS TRUSTEE<br>NBS DEFAULT SERVICES, LLC AS TRUSTEE |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>[✓] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor    [ ] Other<br>[ ] Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

ADVERSARY COMPLAINT : VIOLATION OF AUTOMATIC STAY 11 USC § 362,
11 USC §§ 101 - 1330, 101 (54), 105, 522, 541, 542, 544, 548, 550, 551, 552
and 1306

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**

- [✓] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [✓] 13-Recovery of money/property - §548 fraudulent transfer
- [✓] 14-Recovery of money/property - other  DAMAGES, PUNITIVE DAMAGES

**FRBP 7001(2) - Validity, Priority or Extent of Lien**

- [✓] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**

- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**

- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**

- [ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**

- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**

- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**

- [✓] 71-Injunctive relief - reinstatement of stay
- [ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**

- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

- [ ] 01-Determination of removed claim or cause

**Other**

- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $   To be determined |

**Other Relief Sought**

General, special and punitive damages, costs.
Recovery of real property and Quiet Title, and other relief
appropriate under law.

**FORM 104 (10/06), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *BRENDA B. BIDAURE* | | BANKRUPTCY CASE NO. *6:12-bk-35577-DS* |
| DISTRICT IN WHICH CASE IS PENDING *CENTRAL* | DIVISIONAL OFFICE *RIVERSIDE* | NAME OF JUDGE *DEBORAH J. SALTZMAN* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Brenda B. Bidaure  PRO SE* | | |
| DATE *Dec. 28, 2012* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.